For the foregoing reasons the judgments appealed from are affirmed at appellants' cost.

St. PAUL, J., absent.

**SLOCUM v. HAWN.**
**No. 4772.**

Court of Appeal of Louisiana. Second Circuit.
June 4, 1934.

A. V. Hundley, of Alexandria, for appellant.

T. A. Carter, of Alexandria, for appellee.

DREW, Judge.

Plaintiff alleged that she received certain personal injuries in an automobile accident; that she was riding in a car driven by her minor son when said car was run into by defendant's car, causing the car in which she was riding to be overturned. The acts of negligence alleged on the part of defendant are set out in articles III, IV, and X of plaintiff's petition, and are as follows:

"She shows that they proceeded down said highway, or Route No. 2, until they reached the gate in front of Doc Duncan's home, where it was her intention to get out and visit Mrs. Duncan for a short while. She shows that after they had pulled in on the bridge and some of the party were proceeding to get out for the purpose of opening said gate, that the said Robert Hawn was coming at a terrific rate of speed down the highway on said Route No. 2, and was traveling in the same direction that your petitioner had been traveling in, and that instead of swerving slightly or proceeding on his regular route of coming down the road, as he should, on the right hand side of said road coming from Alexandria to Echo, that he scooped over to the left of said road, hitting the rear portion of the automobile your petitioner was riding in, turning said automobile around and over, and injuring your petitioner seriously.

"That the act was an act of pure carelessness, recklessness and utter disregard for life and limb on the part of the said Robert Hawn, in leaving his side of the road and hitting the car your petitioner was riding in, in such a manner. * * *

"Your petitioner shows that had the defendant been noticing what he was doing, or had he been traveling at a reasonable rate of speed that said accident would not have occurred. That had he continued on his rightful course down the road and had not scooped over to the left that said accident would never have occurred. Your petitioner shows that the accident was due solely and wholly to the gross fault, carelessness and recklessness on the part of the said defendant, Robert Hawn, and due in no wise to your petitioner."

Defendant denied all allegations of negligence and set up his defense as follows:

"III. Except as otherwise herein admitted, modified or explained, the allegations of paragraph 3 are denied. Further answering said paragraph, defendant admits that the plaintiff was riding in the car on the route and in the direction set forth and had reached the point alleged and were turning in as set forth, but denies that the car in which they were riding had reached the bridge, or that the persons alleged to be so doing were actually in the act of getting out of plaintiff's car. Further answering said paragraph, your respondent shows that the car in which plaintiff was riding was proceeding down the highway and that defendant was proceeding along the same highway in the same direction; that he desired to pass the plaintiff's car, which was proceeding rather slowly, and made known his desire so to do by sounding his horn; that pursuant to his sounding his horn, the plaintiff's car was seen to move toward the right side of the road; that defendant concluded, as he had a right to do, that the said plaintiff's car was being moved farther to the right of the road that he might pass it; that he accelerated his car and attempted to pass plaintiff's car, at which juncture the said plaintiff's car turned suddenly in front of his car and thus blocked his passage on down the highway; that he, in an effort to avoid an accident, tried to cause his car to dodge or go to the left of plaintiff's car, but was unable to do so and that his car crashed into the car of plaintiff; Further answering, defendant shows that the said accident was due solely to the gross negligence and carelessness of the driver of plaintiff's car; that the driver was the young son of the plaintiff, at the time under the age of 21 years; that the said automobile which the plaintiff was traveling in was under her care and control and had been left at her home and in her charge and was being used by her and her husband the same as if it were her own; that the driver of the said automobile, in violation of all law and traffic rules and regulations and customs, turned to his left into the path of a following automobile without signal of any sort."

The lower court rendered judgment for plaintiff, and defendant has appealed to this court.

Plaintiff claims to have been a guest in the car in which she was riding. This contention is not well founded for the record discloses that the car was being driven at her instance by her minor son and that she had complete control of the car. While the car belonged to her daughter, it was kept at plaintiff's home and used by plaintiff and her

husband at all times. But, regardless of whether she was a guest or not, before she can recover from defendant, she must prove he was negligent in operating his car, and this she has failed to do. She alleged he was driving at an excessive rate of speed; while the record discloses he was traveling 35 miles per hour on a main highway of the state, outside of any city, town, or village, and it was not excessive speed. The only testimony to the contrary is that of plaintiff's minor son, who was operating her car. He claims to have looked in the mirror and estimated defendant was 500 feet to his rear traveling at a rate of speed of 55 to 60 miles per hour. It was impossible for him to have properly judged the speed of the oncoming car. Another ground of negligence alleged is that defendant was traveling on his left side of the road. The record discloses that when defendant was within about 75 feet of plaintiff, he pulled to the left side of the road and sounded his horn for the purpose of passing plaintiff's car, which was traveling at about 20 to 25 miles per hour. There was no negligence in defendant being on the left side of the road, under those circumstances. The other allegation of negligence is that defendant was not keeping a proper lookout. The evidence is entirely to the contrary.

We could end this opinion right here, were it not for the fact that the lower court awarded plaintiff damages, the reasons for which are not in the record, and we therefore feel called upon to discuss the facts of the case.

■■ Plaintiff, her minor son, and three others, occupied her car. Defendant and three others occupied his car. Both cars were traveling south, plaintiff's car at a rate of speed of about 25 miles per hour, and defendant's car at a rate of 30 miles per hour. The road was straight, and when defendant was attempting to pass plaintiff's car, and within a short distance of plaintiff's car, it suddenly cut to the left across the road to enter a driveway leading to one of its occupant's homes. Plaintiff's car had either gotten its front entirely across to the left side of the highway, with its front wheel onto a bridge, and the back end of the car 6 or 8 feet out into the highway, or it had nearly gotten its front end across the highway when defendant's car struck its left rear wheel. The driver of plaintiff's car testified that he held out his hand before making the left turn and he saw defendant's car 500 feet in his rear traveling 50 or 60 miles per hour. No other occupant of plaintiff's car knew whether the driver held out his hand or not, nor did they see or know defendant's car was coming down the road until the moment of the impact. The occupants of defendant's car are all positive that the driver of plaintiff's car did not give any signal of any kind as to his intention of cutting to the left across the road.

The preponderance of the testimony on this point is so greatly in favor of defendant that we are forced to find that the driver of plaintiff's car gave no signal of his intention to turn from his course. Furthermore, it is very doubtful that plaintiff's driver ever saw the on-coming car of defendant until the very moment of the impact. His testimony on this point is very unsatisfactory. Defendant was not violating any law and was not driving negligently, and the sole, proximate cause of the accident was that plaintiff's car left its course of travel and cut to the left when it was not safe for it to do so, and when defendant's car was too close to stop before colliding with it.

■ If we should take as true facts the testimony of plaintiff's driver that he saw defendant's car 500 feet to his rear, and he thought it was traveling 55 to 60 miles per hour, he should have known it was not safe to cut in front of it and attempt to cross to the left of the road. If there is one rule of law in this state that is well settled by the jurisprudence of the state, it is the rule that when a driver of an automobile intends to cut to the left across a highway, he must make sure that he can cross with safety to himself and all others using said highway.

Plaintiff's contention that the front end of her car had crossed the highway and that the car had stopped a moment before it was struck, if true, can avail her nothing. Even then, the greater portion of her car was in the highway and the negligence of her driver in cutting to the left created an emergency and placed her car where it was bound to be struck by the oncoming car of defendant. Defendant did all within his power to stop his car, as is shown by the skid marks testified to by plaintiff's witnesses, and he had nearly brought his car to a stop when the impact occurred, as is shown by the fact that his car only traveled about three feet after striking plaintiff's car.

We are convinced that defendant was guilty of no negligence and that the proximate and only cause of the accident was the negligence of the driver of plaintiff's car.

It therefore follows that the judgment of the lower court will have to be reversed and the demands of plaintiff rejected, at her costs, and it is so ordered, adjudged, and decreed.