Plaintiff has appealed from a judgment rejecting his demands for damage to his car allegedly caused by the negligence of defendant's agent in suddenly turning a pulp wood truck to the left and across the highway, while plaintiff was in the process of overtaking and passing. The defendant denied the negligence charged and in the alternative alleged that plaintiff was guilty of contributory negligence in attempting to pass under the circumstances.
Defendant was engaged in the pulp wood business and on the day of the accident his driver was taking the workmen to their respective homes and had reached a point on the paved road where he expected to stop; leave one of the workmen; turn around and return along the highway in the direction from which he had come. There was no cross road or side road at this point. The turn was made toward a gate leading into the property on the left side.
Witnesses for both plaintiff and defendant testified that the truck slowed down and *Page 806 
pulled over to its right. At the same time the workman secured his lunch pail and prepared to dismount from the truck and the plaintiff started to pass around the left side of the truck. The driver testified — and the testimony of other occupants of the truck is to the same effect — that he stuck his arm out and looked back and observed Mr. Harris' car approaching at a distance of approximately one hundred yards. Two passengers on the truck, John Hilliard and Frank Pea, placed plaintiff's car at about one hundred yards behind the truck as it slowed down prior to the turn. In spite of the fact that he saw plaintiff's car approaching, the driver of the truck, after slowing down and pulling over to the right, made a sharp left turn across the highway.
The rule of the road most pertinent to the case is contained in the State Highway Regulatory Act, Rule 11(e) of Section 3, Act No. 286 of 1938, which provides that: "The driver of a vehicle entering a * * * private road or drive from a public street or highway shall yield the right of way to all vehicles approaching on such public highway and to all pedestrians properly walking thereon."
[1] Granting, for the sake of argument, that the truck driver did stretch out his hand and lean out far enough for it to be seen from the rear, the fact remains that he did not claim to make a left turn signal — only to have put his hand out — and had the driver of the automobile seen his hand, he could fairly have interpreted the signal as one for a stop or even a right turn, and the mere showing of a hand in an indefinite way as the truck slowed down would not relieve the truck driver from the obligation provided by Rule 11(e) that one entering a private drive from a highway "shall yield the right of way to all vehicles approaching on such public highway * * *."
An excellent discussion of the danger involved in such a movement is found in the case of Lane v. Bourgeois,28 So.2d 91, 95, in which the Court of Appeal of the First Circuit makes the following observation: "This court, in the last few years, has had to deal with a number of cases like this and in each it was stated in the opinion that the maneuver is a very dangerous operation, requiring care and caution and the responsibility for seeing that it can be made in safety is always placed upon the driver desiring to make such a turn. He is required to ascertain that there is no traffic approaching from either side and if there is, he must yield the right of way to such traffic. He can only ascertain if there is no such traffic by keeping a careful look-out. If he does not, necessarily he is guilty of negligence. If he looks at a time when looking is not effective and he does not see the traffic he should see, likewise, under the law he is negligent for having failed to see what he should have seen. That is the law as laid down in some of these late cases, most notably those of Murray v. Kaufman, La. App., 22 So.2d 750, Grasser v. Cunningham, La. App., 200 So. 658, and Magazine Lumber Co. v. DePaula, La. App., 197 So. 806."
The testimony of defendant's driver and other occupants of the truck is that the driver saw the plaintiff's car only a hundred yards in the rear at the time he slowed down. The driver should have known it was not safe to cut out in front and attempt to cross the left side of the road. As was stated in the case of Slocum v. Hawn, La. App., 155 So. 24, 26: "If there is one rule of law in this state that is well settled by the jurisprudence of the state, it is the rule that when a driver of an automobile intends to cut to the left across a highway, he must make sure that he can cross with safety to himself and all others using said highway."
[2] The evidence convinces us of the negligence of the truck driver and that his cutting to the left created the emergency that was the direct cause of the accident.
[3] While it is true that the plaintiff may have avoided the accident by the exercise of extreme care, i.e., by stopping when he saw the truck in front of him slow down and pull to the right, we do not believe that, under the facts and circumstances as presented, it was negligence for him to continue. He was many miles away from home, there was neither cross road or open lane to indicate that there was a reasonable probability that the truck would turn left across the road after it slowed *Page 807 
down, pulling over to the right as it did so. The plaintiff did turn left at the last minute in an effort to avoid the impact and his two left wheels were off the pavement. The impact of the right side of plaintiff's car with the left front of the truck was left of the center of the road but still on the pavement, indicating that the truck had completed only a small part of the turn and confirming the testimony of the plaintiff and other occupants of his car that plaintiff's car was approaching close on to the truck at the time the driver undertook the hazardous maneuver of turning left across the highway. The mildness of the impact, which caused no personal injury to the three occupants of the car or the six or eight passengers of the truck, shows that plaintiff was not traveling at an excessive speed and took some effective action and slowed down his car prior to the actual impact.
[4] A negligent defendant, alleging contributory negligence as a defense, must establish the plaintiff's negligence by a preponderance of evidence. This has not been done in the instant case.
The parties agreed, and stipulated, that the damage to plaintiff's car amounted to $278.86. The judgment appealed from is set aside and judgment is now rendered in favor of plaintiff for $278.86, with interest from judicial demand and costs.