Plaintiff's petition alleges that on October 16, 1943, at about 6:50 P.M., he was driving his motorcycle along the extreme northern edge of U.S. Highway No. 90 (being the extension of Broad Street of the City of Lake Charles) driving in a westerly direction at between 30 and 35 miles per hour, just outside the eastern city limits of Lake Charles; that just prior to the accident hereinafter related the defendant herein, Mrs. W.C. Kaufman, was driving her automobile along the southern side of said U.S. Highway 90 travelling in an easterly direction; and that just as said vehicles approached the part of the highway whereon the Younger Brothers Trucking Company is located on the south side and the Greenland Cemetery on the north side, the said defendant, without observing plaintiff, and in utter disregard to his oncoming presence, and without ascertaining that it was safe to do so, and without giving any signal whatsoever, proceeded to make a U turn directly in plaintiff's path, and when plaintiff was so close to her that it was impossible for plaintiff to avoid striking defendant's car, which was thus driven directly across the highway to obstruct said highway so that petitioner was forced to run into defendant's car striking it on the right side towards the rear.
Plaintiff's petition alleges further that as a result of said accident, caused solely by defendant's negligence as set forth and particularly her failure to keep a proper lookout, he suffered severe personal injuries and damage to his motorcycle. He itemizes his damages as follows: Damage to motorcycle, $125; hospital, ambulance and doctor bill, $260.50; lost earnings, 28 weeks at $90, $2,520; pain and suffering, $5,000; permanent injury and disfigurement, $5,000 making a total of $12,905.50.
He prays for damages as set forth above against the defendant, Mrs. Kaufman and her insurer, the State Farm Insurance Company.
The defendants filed a joint answer in which they admit their status as owner of *Page 751 
the car and insurer, respectively, and in which they admit that the collision between Mrs. Kaufman's car and the plaintiff Murray's motorcycle occurred at the time and place alleged, but in which they deny the other material allegations of the petition; averring, in effect, that the accident was caused solely by the negligence of the plaintiff in driving his motorcycle at an excessive and reckless rate of speed, in failing to keep a proper lookout, in failing to exercise proper control of his motorcycle, in permitting his friend, Johnson, to ride on his motorcycle with him, and in failing to stop his motorcycle when he saw or should have seen the car driven by Mrs. Kaufman. In the alternative, the defendants plead that in the event that it should be found that Mrs. Kaufman was guilty of negligence, which they deny, then and in that event it should be found that the plaintiff was guilty of gross contributory negligence which should prevent his recovery in this suit.
After trial of the case the trial judge rendered a written opinion to the effect that the accident was caused by the negligence of the defendant, Mrs. Kaufman, in negotiating a left turn on a highway which carries constantly a very heavy stream of traffic, without keeping a proper lookout for such traffic and without using the proper care and caution in making such turn. In his opinion the trial judge finds that the only element of damage definitely proved was plaintiff's bill for $150 for medical services, and that he concludes that the sum of $2,500 is equitable to cover the items of pain and suffering, permanent injury, etc., and accordingly he rendered judgment in favor of plaintiff and against the defendants in the sum of $2,650.
From this judgment the defendants have appealed, contending first that plaintiff's suit should have been dismissed for the reason that the accident was due to the sole negligence of the plaintiff, and in the alternative that the plaintiff was guilty of contributory negligence barring his recovery, and in the further alternative contending that, in the event that it be found that defendants are liable, the award below is excessive. Plaintiff answered the appeal on the ground that the quantum of damages should be increased.
[1] A review of the evidence shows the following situation: The plaintiff, a mechanic, and his assistant, a young man named Johnson, had been to a cafe about a block and a half from the scene of the accident, where they were seen by Mr. George Tyson, just shortly before the accident. Mr. Tyson drove away from the cafe and plaintiff and Johnson left right after Tyson and passed him driving in a westerly direction and as plaintiff reached a point about 20 yards from the scene of the collision, and could see Mrs. Kaufman driving in an easterly direction on her side of the highway, she suddenly turned left and came onto the north side directly in front of plaintiff, and he, driving at about 35 miles per hour, was unable to prevent running into her. Just prior to the left turn made by Mrs. Kaufman, although it is shown that plaintiff was travelling as set forth, and Mr. Tyson was some 20 yards behind him, it is admitted by Mrs. Kaufman and Mrs. House, who was riding in her car with her, that they did not see the motorcycle, nor the car following the motorcycle, although they testify that Mrs. Kaufman came to a full stop, partly on the gravel part of the shoulder on the extreme south side of the highway, and that both she and Mrs. House looked for traffic in both directions and did not make the left turn until they were satisfied that all was clear. That testimony, though undoubtedly both Mrs. Kaufman and Mrs. House testified in accordance with their true impressions, does not explain their failure to see the motorcycle and the car following the motorcycle, and does not excuse Mrs. Kaufman from failing to see what she should have seen. It seems clear from the testimony of the eye witnesses, Paul Murray, and of his friend and assistant, Johnson, who was riding on the seat behind him on the motorcycle, and Mr. Tyson who was travelling in the rear of the motorcycle, that said motorcycle and car were actually travelling westerly on the highway immediately prior to the accident. Mrs. Kaufman and Mrs. House testify that they were on their way to the cemetery and apparently their minds were centered principally on entering the cemetery thereby explaining their failure to see the oncoming motorcycle and car. In explaining the manner in which Mrs. Kaufman was driving Mrs. House states: "She was driving very slowly across the highway, not too slow, but carefully."
[2] In the light of the testimony aforesaid, the defendant violated the Highway *Page 752 
Regulatory Act of 1938, for instance, Rule 9 of Section 3 of Act 286 quoted by the trial judge, which provides that:
"The driver of any vehicle on the public roads, highways and bridges of this State shall ascertain, before turning around upon any such road, highway or bridge, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly or unnecessarily delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless and until the said way is clear."
The defendants cite and strenuously contend that the case of White et al. v. American Employers Ins. Co. et al., La. App., 197 So. 803, is similar to the case at bar and is decisive of the issue of this case. The mere reading of the decision clearly shows that the facts in that case are not similar to the facts of the case at bar. However, it appears that the case at bar is similar to the case of Grasser v. Cunningham et al., La. App., 200 So. 658, cited by plaintiff and cited by the trial judge in his opinion, in which case plaintiff's action was predicated on the negligence of the defendant in making a left turn on a highly traveled highway. Each case must be decided upon its facts.
[3] The only serious issue involved on the question of liability is whether or not the plaintiff was guilty of contributory negligence, particularly in that he permitted young Johnson to ride on the seat with him. The evidence does not justify a finding of contributory negligence on his part, as it is clearly shown that he was confronted with an emergency not created by him, but on the contrary created by the defendant, and that he did everything possible to do under the circumstances prevailing, and it does not appear that the presence of Johnson on the saddle back of him in any way contributed to the accident. In other words, while it was probably negligence on the part of plaintiff to permit Johnson to ride on the motorcycle with him (a violation of Section 3 of Act 286 of 1938), yet such negligence was not a proximate cause of the accident.
On the quantum of damages to be allowed, the trial judge is correct in his finding that the only actual damage definitely proved was the doctors' bill of $150. No doubt the motorcycle was damaged to some extent, and no doubt that the plaintiff incurred bills therefor, but there is no testimony showing the amount or extent of these items.
In so far as his pain and suffering, permanent injury, etc., are concerned, the award of $2,500 is low. It is fairly well shown that plaintiff was totally disabled from doing any work for at least seven months. He testifies that he was off nine months before he went back to work. His doctor states that he attended him on or about October 16, 1943; that he had him under treatment for probably 6 or 7 months, although he cannot tell the exact dates, and that when he examined him, in August, 1944, he thought plaintiff had reached his previous stage of disability.
His previous state of disability was caused by another accident which had occurred prior to this particular one. His doctor further testifies that the injury sustained by the plaintiff in the collision was a comminuted fracture of the right femur requiring an open operation, and the putting of a metal plate on the bone to hold it in position, and that the fracture healed completely, but that plaintiff remained with a partial disability to his previous injury to his knee.
[4] The plaintiff, prior to his accident, was earning $85 to $90 a week when he was working for himself on commission, and about $35 to $40 a week after the accident. In accordance with Dr. Watkin's testimony plaintiff was totally disabled for seven months, at the least. He is entitled to an award of $85 per week for 28 weeks, or the sum of $2,380 therefor. He has proven a diminution of his earning capacity of $45 per week after the accident, but has not proven the length of time that he has suffered such. In his itemization of his damages, he does not set forth any claim for such. However, we should consider his pain and suffering, partial permanent disability and his disfigurement, for which an award of $1,500 is ample, thus making a total award of $3,880, plus his medical expenses proven of $150, making a total award of $4,030.
For these reasons, it is ordered that the judgment appealed from be amended by increasing the award from $2,650 to $4,030, and as thus amended, the judgment is affirmed. *Page 753