49 So.2d 460 (1950)
ZURICH FIRE INS. CO. OF NEW YORK
v.
THOMAS.
No. 7515.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1950.
Hudson, Potts, Bernstein & Davenport, Monroe, for appellant.
Mack Barham, Bastrop, for appellee.
TALIAFERRO, Judge.
The automobile of defendant, Thomas, and that of Joseph E. Seagram & Sons, Incorporated, collided in the daytime on the main street (United States Highway No. 165) in the Village of Bonita, Louisiana. Both cars were damaged. Defendant was driving his own car. The other was being operated by one B. O Rundle, employee of Joseph E. Seagram & Sons, Inc., then on a mission for his employer.
The plaintiff herein, carrier of property damage insurance on the Seagram car, reimbursed it for the cost of repairing the damage done its car in the collision, $432.04 less $50, and herein sues on act of subrogation to recover said amount.
At the moment of and immediately preceding the collision the Seagram car was proceeding south, on its proper (west) side of the street, and at a rate of speed not in excess of 25 miles per hour. Defendant's car had been serviced at a filling station opposite the locus of the collision, and slowly made a left turn across the street, going westerly, crossed over the medial line, and was rammed on its right side by the Seagram car. As there was no intersection *461 near the filling station, it is charged, and presumably is true, that defendant intended execution of a left turn.
Responsibility for the accident is accredited to the negligence of defendant in these respects, viz.: Attempting to make a left hand turn in the street without exercising proper lookout for traffic thereon, and carelessly driving into and across the lane of traffic over which southbound vehicles enjoyed preference.
Defendant denies that the collision happened from any negligence or lack of care on his part, and charges that the collision was solely due to the negligence of the operator of the Seagram car in the following manner, viz.: Driving at a speed so excessive that he could not stop his car in time to avert the accident, after discovering it was impending, and not keeping proper lookout for traffic on the street.
Alternatively, contributory negligence of Rundle in the mentioned respects, and last clear chance by him to avoid the accident are urged in defense of the suit.
Plaintiff's demand was rejected and its suit dismissed. Appeal is prosecuted by it.
The facts attending the accident are to no serious extent controverted. The width of the street is not shown, but it is referred to as being an ordinary concrete highway. The rate of speed for passenger cars in the Village of Bonita is not shown. In the absence of evidence to the contrary, it will be assumed that twenty-five miles per hour is not excessive. This is the maximum fixed by the Highway Regulatory Act for unincorporated villages. Act No. 502 of 1948, § 1.
Rundle and two other men riding with him testified that the Seagram car was traveling at a speed not in excess of twenty-five miles per hour, and when the movements of defendant's car were observed, Rundle applied the brakes and veered the car toward the curb; that defendant's car, proceeding slowly, crossed the medial line a short distance in front of the Seagram car, and that the collision that followed was unavoidable.
The careless action of defendant in the respects mentioned, cannot be accounted for save on the ground that he obliviously undertook the left turn without giving any attention whatever to traffic conditions on the street thereabout. He gave no signal of his intention to make the turn. The fact that two cars were parked in front of his own, as he began the left turn, may have interfered with clear vision on his part, but this fact does not excuse him from the consequences of his carelessness.
We are unable to perceive wherein the driver of the Seagram car was negligent to any extent. Granting, conversely, to any extent, such negligence could not be characterized as the proximate cause of the accident. The accident was proximately the consequence of defendant's effort to make a left turn on a main street of a village, without exercising any semblance of the care and caution demanded by prevailing conditions. It is needless to stress the high degree of care that devolves upon a motorist who contemplates making a left turn upon a highway or street of a city, town or village.
Defendant did not tender himself as a witness. He did not think enough of the defenses urged by him to support them by his testimony. We are authorized to assume that had he testified, his version of the accident would not have differed from that given by the other witnesses. And, in addition, he has made no appearance in this court. We are not even favored with brief in his behalf. The undisputed facts render inapplicable the doctrine of the last clear chance.
For the reasons herein assigned, the judgment from which appealed, is annulled and reversed; and there is now judgment in favor of the plaintiff, Zurich Fire Insurance Company of New York, and against defendant, Claude Thomas, for $382.04, with legal interest thereon from judicial demand. All costs are assessed against defendant.