57 So.2d 697 (1952)
CODIFER
v.
OCCHIPINTI et al.
No. 19842.
Court of Appeal of Louisiana, Orleans.
March 17, 1952.
*698 Guy L. Deano, Jr., and Frederic C. Querens, both of New Orleans, for plaintiff and appellant.
Lemle & Kelleher, John E. Hurley, all of New Orleans, for defendants and appellees.
JANVIER, Judge.
At about 11 o'clock, on the morning of January 5th, 1949, at the corner of Codifer Boulevard and Hesper Avenue in the Parish of Jefferson, there was an automobile collision in which the cars involved were a Studebaker coach, owned and driven by Frank C. Codifer, and a Cadillac sedan owned and operated by Roy Occhipinti.
Alleging that the collision had been caused by the negligence of Occhipinti and that he himself had been in no way at fault, Codifer brought this suit in the Twenty-fourth Judicial District Court for the Parish of Jefferson, making Occhipinti and his liability insurance carrier, American Fire & Casualty Company, codefendants, and alleging that in addition to the damages sustained by his automobile, he himself had suffered serious physical injuries. He prayed for solidary judgment against the two defendants for $4,000.
Occhipinti and the American Fire & Casualty Company, after filing various exceptions, answered, denying that Occhipinti had been in any way at fault, and averring that, on the contrary, the accident had been caused by the negligence of Codifer.
Assuming the position of plaintiff in reconvention, Occhipinti then prayed for judgment in reconvention against Codifer in the sum of $566.02, alleging that to be the amount required to pay for the repairs to his automobile. In the meantime, Occhipinti, in the Twenty-fourth Judicial District Court for the Parish of Jefferson, had filed suit against Codifer for the damage to his car and, on motion, the two suits were ordered consolidated.
After a trial on the merits, there was judgment dismissing the suit of Codifer against Occhipinti and the American Fire & Casualty Company and also dismissing the reconventional demand of Occhipinti, and there was also judgment dismissing the suit of Occhipinti against Codifer. Only Codifer has appealed, and the only question before us is whether the judgment dismissing Codifer's suit against Occhipinti and the American Fire & Casualty Company is correct.
Codifer Boulevard is a wide two-lane thoroughfare, the two lanes being separated *699 by a neutral ground 20 feet in width. This boulevard runs from east to west. Hesper Avenue runs from north to south and crosses Codifer Boulevard at a right angle. Codifer, the plaintiff, was driving his automobile west on Codifer Boulevard and decided to turn to his left (south) into Hesper Avenue. Occhipinti was driving his car on the other lane of Codifer Boulevard, going in an easterly direction. There was nothing to obstruct the view of either driver. Codifer says that, as he was turning to his left, he looked towards the other lane of Codifer Boulevard on which the Occhipinti car was approaching and that he could see clearly for a distance of from 285 to 300 feet, and that the Occhipinti car was not in sight as he attempted to cross the other driveway.
If this statement is true, it follows that while he was traversing the 20 foot width of the neutral ground and the 18 foot width of the other lane on which the Occhipinti car was approaching, that car traversed more than 300 feet, or almost ten times the distance which was being traversed by the Codifer car. If Codifer then was attempting to make the left-hand turn at a speed of 10 or 12 miles an hour, the other car must have been approaching at more than 100 miles an hour. The record contains no evidence which warrants the conclusion that the Occhipinti car was approaching at any such extraordinary speed.
Furthermore, Codifer states that the Occhipinti car ran into his car, whereas the record leaves no room at all for doubt that his car struck the Occhipinti car at about the center of the left-hand side.
Since we have no doubt at all that, when Codifer attempted to turn to his left and to cross the other driveway of Codifer Boulevard, the Occhipinti car was sufficiently close to the intersection for Codifer to have seen it clearly, it is very obvious that his failure to see it and his attempt to drive across that intersection, in spite of the fact that the other car was approaching and was close to the intersection, was the proximate cause of this accident.
The State Highway Regulatory Law, LSA-R.S. 32:235, 236, makes it clear that a driver attempting to turn to his left on a public highway must make certain that it is safe to do so. When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence.
In Home Insurance Co. v. Warren, La.App., 29 So.2d 551, 552, the Court of Appeal for the First Circuit said: "The law as has been so frequently cited in different cases, makes it incumbent upon the driver of a motor vehicle attempting to execute a left hand turn on a public highway to take such precautions and to be so careful that it would hardly seem necessary for the courts to have to make any further statement beyond what is contained in the statute itself. We had occasion to cite it very recently in the case of Lane v. Bourgeois, La.App., 28 So.2d 91, and in which we referred to other recent cases. The rule as laid down in the statute, Dart's Sec. 5214, Act No. 286 of 1938, § 3, rule 9 [LSA-R.S. 32:235], makes it the duty of the driver in such cases to yield the right of way to approaching traffic and prescribes that he `shall not attempt to make a turn unless and until the said way is clear.'" See, also, Zurich Fire Ins. Co. of New York v. Thomas, La.App., 49 So.2d 460; Malone v. Fletcher, La.App., 44 So.2d 352; Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264; Murray v. Kaufman, La.App., 22 So.2d 750.
In Michelli v. Rheem Mfg. Co., supra, we considered facts very closely resembling those which are found in the case at bar. There we held that a driver of an automobile, attempting to turn from a main highway to his left into an intersecting roadway, bears the burden of showing that there was no fault on his part, and that when he attempted to do so, there was ample distance and time within which to complete the maneuver.
It is unnecessary to discuss at length the testimony which is found in this record. The testimony of Codifer himself *700 convicts him of negligence. If he did not see the Occhipinti car approaching on the other side, he should have seen it and his attempt to cross directly in front of that car when it was already dangerously close to the intersection was the direct cause of this accident.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.