94 So.2d 295

## WASHINGTON FIRE & MARINE INSURANCE COMPANY

v.

## FIREMEN'S INSURANCE COMPANY.

No. 43097.

Feb. 25, 1957.

Rehearing Denied April 1, 1957.

Roy M. Fish, Springhill, for plaintiff-applicant.

Jackson, Smith, Mayer & Kennedy, Shreveport, for defendant-respondent.

FOURNET, Chief Justice.

We granted certiorari to review the judgment of the Court of Appeal, Second Circuit, reversing the district court's judgment and dismissing the suit of plaintiff, Washington Fire & Marine Insurance Company, subrogee of its insured, Mr. Jewell Nix, against defendant, Fireman's Insurance Company, the public liability insurer of Mr. Dewey Butts, to recover the amount of property damage sustained by Nix in an automobile collision between his car and one owned and driven by Butts, due to the alleged negligence of Butts in making a left-hand turn across the path of the Nix car—the Court of Appeal having reached the conclusion that the accident was due to the negligence of the driver of the Nix car, which negligence was the proximate cause of the collision. See La.App., 88 So.2d 402.

The undisputed facts are that shortly after midnight on June 19, 1955, the Nix car, being driven by Jimmy Nix, the 19 year old son of the owner, was proceeding south on South Main Street in Springhill, Louisiana, while the Butts car was traveling north on the same street, and that Butts by directional signal light indicated his intention to make a left turn into the parking lot of a drive-in restaurant located on the west side of South Main Street; that an intersection, some 35 to 50 yards north of said restaurant, is controlled by a traffic light which was in operation; that South Main Street runs north and south, is without curves for some distance in both directions, young Nix saw the blinker light indicating a left turn and Butts saw the Nix car on the far side of the intersection; and that the collision occurred when Butts had almost completed the left turn, the right front fender of the Nix car having struck the rear right fender of the Butts car with sufficient force to knock it several feet and into another stationary vehicle preparing to leave the restaurant driveway. The only conflict arises with respect to the contributory negligence charged to Nix and urged by special plea, i.e., that he failed to heed the traffic light at the intersection, which was red for traffic on South Main Street; and, in any event, had he been keeping a proper lookout and not been driving at an excessive and unlawful rate of speed, he could have avoided the accident.

The trial judge, in summarizing the testimony at the conclusion of the trial,

stated that as to the color of the traffic light he did not know what to believe; the only persons who were able to testify with any positive recollection were the occupants of the vehicles involved—Nix and a lady passenger, Butts and another man who rode with him—and their testimony was completely contradictory. The judge expressed dissatisfaction with the remaining proof offered by the defendant, finding it "pretty hazy" and not made out with sufficient certainty. The Court of Appeal was in accord with those conclusions, stating that "After reviewing the record we are unable to determine with legal certainty that Nix ran the red light or that he was traveling at an excessive rate of speed." [88 So.2d 405] On the other hand, that Court thought it "clear that Nix was negligent * * * in that after observing the left turn signal being given from a distance of thirty yards or more, he did nothing more that to reduce the speed of his vehicle to twenty miles per hour." Labeled "the grossest sort of negligence" was the failure of Nix "to bring his vehicle under more complete control and thus avoid the collision," and this led to the Court's conclusion that the negligence of Nix "in not yielding his right-of-way and permit Butts to complete the maneuver was a proximate cause of the accident and a bar to the recovery of damages by plaintiff."

In so holding we think the court erred. The cases are legion which hold that before making a left turn the driver of an automobile must ascertain that he may do so safely; not only is this cardinal rule of the road founded on common sense, but in our State is a positive enactment, incorporated in the Revised Statutes as R.S. 32:235, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed; and said driver "*shall* yield right-of-way to such approaching traffic and *shall not* attempt to make a turn unless the way is clear." (Emphasis ours.) Among pertinent cases are Lane v. Bourgeois, La.App., 28 So.2d 91; Home Insurance Co. v. Warren, La.App., 29 So.2d 551; Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264; Malone v. Fletcher, La.App., 44 So.2d 352; Zurich Fire Ins. Co. of New York v. Thomas, La.App., 49 So.2d 460; and Codifer v. Occhipinti, La.App., 57 So.2d 697. In the last cited case the Court of Appeal for the Parish of Orleans aptly stated that "When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident

occurred and to show that he was free from negligence." 57 So.2d at page 699.

There is no merit in the argument of counsel for the defendant that "after hearing the testimony neither court could determine whether or not Nix ran through the red light and, therefore, there was no factual or legal basis for their finding that Butts made a left turn at an unsafe time because, if the light was red, he certainly did not attempt his turn at a time when it was unsafe to do so." The fact that neither the trial judge nor the Court of Appeal could find the plaintiff contributorily negligent means that the defendant failed to sustain his burden of proving that charge; there remains only the negligence of the defendant in having undertaken a left turn into a driveway on the opposite side of the thoroughfare without having a clear chance of successfully completing that dangerous maneuver, and he is liable for the damages sustained by the plaintiff.

For the reasons assigned the judgment of the Court of Appeal, Second Circuit, is annulled and set aside and the judgment of the District Court [1] is affirmed, defendant to pay all costs.

1. The District Court's judgment is "in favor of the plaintiff, Washington Fire & Marine Insurance Company, and against the defendant, Firemen's Insurance Company, in the sum of Two Hundred Eighty Nine and 39/100 ($289.39) Dollars, together with five (5%) per cent per annum interest thereon from August 1, 1955, until paid, and for all costs of these proceedings."