LOTTINGER, Judge.
This is a suit for personal injuries and property damage resulting from a collision between an automobile owned by August P. Kugler, but driven by his wife, and a vehicle owned and operated by Robert W. Thomas. The defendants are Robert W. Thomas and his liability insurer, Delta Fire and Casualty Company. The Lower Court awarded judgment in favor of plaintiffs and the defendants have appealed.
The location of the accident was at the intersection of Scenic Highway and Shelley Street in the City of Baton Rouge, Louisiana. Scenic Highway is a four-lane highway running north and south. It has two lanes for traffic going north and two lanes for traffic going south. Each lane is 10ji-feet in width. Shelley Street extends in an, easterly direction from the east side of Scenic Highway, forming a “T” intersection. Two blocks north of this intersection there is another intersection which is controlled by a traffic light. The street extending west from this intersection is-known as the “Gulf States Road” or “Du-pont Road” and serves as the entrance to the Ethyl Corporation plant at Baton Rouge.
The accident occurred at approximately 6:30 a. m. on January 30, 1956. The weather was misty and it was still dark. At the time of the accident, there was heavy traffic in the vicinity due to a work shift at the Ethyl Corporation plant as well as other plants in the neighborhood.
Mrs. Kugler had driven her husband to work at the Ethyl plant. After dropping him off, she proceeded easterly along the Gulf States Road, turned right on Scenic Highway, along which she proceeded southerly for a distance of two blocks, and then-made a left turn into Shelley Street. As-she was proceeding into Shelley Street, her car was struck on the right rear fender by a vehicle which was being operated in a northerly direction on the easternmost lane of Scenic Highway by defendant, Robert W. Thomas.
Petitioner, Mrs. Kugler, seeks damages for physical pain, suffering and permanent personal injuries and for mental pain and anguish. Mr. Kugler seeks damages in the amount of $200.63 for his wife’s medical bills as well as $147.25 for damages to the car. Petitioners further seek penalties, attorney fees and court costs.
The Lower Court awarded a judgment in favor of petitioners in the amount of $1,731.25. Said damages are not itemized and we are not favored with a written opinion of the Lower Court. The defendants appealed, seeking a reversal, and the petitioners appealed seeking an increase in quantum.
*731 The evidence shows without contradiction that as Mrs. Kugler approached the intersection of Scenic Highway and Shelley Street, she was in the lefthand or inside lane for southbound traffic on Scenic Highway, and disclosed her intention to make a lefthand turn into Shelley Street by giving a hand signal. There were several cars stopped in the lefthand or inside lane of Scenic Highway for northbound traffic. These cars were stopped for the red light .at the intersection with Gulf States Road, evidently the cars were occupied by workers going to work at the Ethyl plant. After giving her hand signal for a left turn, the stopped vehicles courteously gave her an opening to pass through the stopped line ■of traffic in order to make her left turn. The inherent danger faced by Mrs. Kugler is disclosed by her own testimony. She testified that after giving her lefthand turn signal, she came to a stop. Upon noticing her intention, the stopped vehicles in the left lane traveling north courteously gave her an opening through which she could turn. Mrs. Kugler testified that she came to a stop prior to the time that the opening was afforded her, that she then pulled out through the opening and stopped again to ■see if any cars were approaching north in the righthand or outside lane. Mrs. Kugler testified that she saw no one coming and proceeded across the intersection when her right rear fender was struck by defendant’s vehicle. After the impact Mrs. Kugler’s vehicle proceeded some 36 feet in an easterly direction before coming to a stop.
The defendant, Robert Thomas, testified that he was proceeding northerly in the righthand or outside lane of traffic at a speed of approximately 30 miles per hour. Upon approaching the intersection, the Kugler vehicle pulled out directly in front of him, and from in front of these stopped cars, and the only thing that he could do was hit his brakes. He was not able to turn left because of the stopped cars in the lefthand lane.
The record shows that the brakes of the defendant’s vehicle left 9 feet of front wheel skid marks before the impact and 7 feet after the impact. Considering the length of the skid marks, together with the wet condition of the pavement, we are certainly of the opinion that Thomas was not going in excess of 30 miles per hour. The evidence shows that the speed limit on Scenic Highway was 40 miles per hour at the time of the accident.
The point of impact was just 3 or 4 feet inside the eastern boundary of Scenic Highway. The investigating officer testified that it did not appear that the Kugler vehicle was pushed against the northern curb of Shelley Street, although the evidence does disclose that after making her turn, Mrs. Kugler was traveling in the northern lane of Shelley. As Shelley Street is a two-way street, she made her turn into her left, or the wrong, lane of traffic.
Petitioner claims that she did not see any headlights on the Thomas vehicle. However, Thomas definitely testified that his headlights were on and were in proper condition. One witness who was stopped in the lane of traffic through which Mrs. Kug-ler passed testified that he saw her stop prior to the left turn and then upon coming through the stopped lane of traffic. He testified that as she proceeded across Scenic Highway the Thomas vehicle passed his stopped vehicle on its right and proceeded on to the point of impact. He testified that he did not notice any lights on the Thomas vehicle, however, the Thomas vehicle was approaching from his rear and he was not looking for same.
It certainly appears to us that Mrs. Kugler was negligent. The plaintiff has cited Kelly v. Neff, La.App., 14 So.2d 657 and Moncrieff v. LaCobie, La.App., 89 So.2d 471. In both of these cases, accidents were dealt with resulting from a lefthand turn, however, the facts in these cases are entirely different from the case at bar and therefore we hold they are not apposite.
In Washington Fire & Marine Insurance Company v. Firemen’s Insurance Company, *732 232 La. 379, 94 So.2d 295, 296, the Supreme Court said:
“The cases are legion which hold that before making a left turn the driver of an automobile must ascertain that he may do so safely; not only is this cardinal rule of the road founded on common sense, but in our State is a positive enactment, incorporated in the Revised Statutes as R.S. 32:235, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed; and said driver ‘shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.’ ”
However, petitioner claims that she had already made her left turn at the time of the accident, and that she should be given the right of preemption. However, in Commercial Credit Corporation v. Serpas, La. App., 94 So.2d 83, 85, this Court said :
“Another rule of our state is that the person who preempts an intersection shall have the right of way. This rule, however, is based upon the fact that at the time of entering the intersection, the party had a reasonable possibility of clearing the right of way without interfering with oncoming traffic. Certainly, under the facts of this case the right of preemption does not apply to the defendant.”
As we stated above, under the circumstances prevailing, the maneuver which Mrs. Kugler attempted to make was an extremely dangerous one. She claims that she looked and saw no vehicles approaching. The record shows that the weather was misty and it was drizzling slightly. Under these circumstances, of restricted visibility, she should have looked more closely. Scenic Highway was a right of way street and we are of the opinion that the defendant Thomas was justified in his belief that anyone attempting to cross the highway would honor his right of way. Because of the stopped vehicles in the left lane, Thomas was in no position to see the lefthand turn signal of Mrs. Kugler.
We feel that the accident was caused by the negligence of Mrs. Kugler in attempting to cross Scenic Highway in the face of oncoming traffic. She was under a duty to exercise extreme caution which she failed to do.
For the reasons assigned, judgment of the Lower Court will be reversed and there will be judgment in favor of defendant and dismiss the petitioner’s suit. All costs are to be paid by petitioner.
Judgment reversed.