HARDY, Judge.
This is an action by plaintiff for the recovery of property damages to his automobile resulting from a collision with defendant’s car and he appeals from judgment rejecting his demands.
The accident occurred on the morning of July 5, 1958, on what is known as the Spring Bayou Road just outside the limits of the Town of Marksville, in Avoyelles Parish. Plaintiff, driving west on the highway, attempted to pass defendant’s automobile, which was moving at a slower rate of speed in the same direction. Defendant made a left turn with the intention of driving into a private driveway on the south side of the highway and the collision resulted. Plaintiff alleged negligence against defendant as the cause of the accident in failing to signal for a left turn; to keep a proper lookout for overtaking traffic; to keep his vehicle under proper control; in neglecting to yield the right-of-way to overtaking traffic, and in violating the statute governing the making of a left turn. To the contrary, defendant urged that he gave a proper signal for a left turn at a time when plaintiff’s car was a safe distance to the rear, and, further, that plaintiff failed to give any audible horn signal of his intention to pass.
Obviously this appeal involves a purely factual issue which the trial judge resolved against plaintiff on the ground that he was guilty of contributory negligence, which barred recovery.
The testimony of plaintiff is the only evidence which supports his contentions. He testified, in accordance with his allegations, that defendant failed to give a signal of his intention to make a left turn, whereas plaintiff signalled his intention of passing by sounding his horn. This version of the accident was stoutly denied by defendant, who testified that he extended his arm in the approved signal for a left turn at a time when he observed plaintiff’s car to be about “four acres” (800 feet) to the rear, and that he did not hear any horn signal indicating that plaintiff was intending to pass, notwithstanding defendant’s signal. This testimony was substantially corroborated by defendant’s witness, Landry Desselles, who testified that he was in his yard, observed the passage of defendant’s Jeep, saw the defendant signal for a left turn by holding out his arm at a time when he was “about an acre or an acre and a half” (200 to 300 feet) from the driveway into which he intended to turn, and that he did not hear the blowing of a horn by plaintiff.
In view of the above testimony it is clear that defendant has adequately established his contention that he gave a signal for a left turn and it follows that plaintiff was properly held guilty of contributory negligence in failing to observe and heed such signal.
We note that counsel for plaintiff relies heavily upon the opinion of the Supreme Court in Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295. We think the facts of the instant case are easily to be distinguished from those involved in the cited case.
In consideration of the pertinent facts above noted, which we consider to have been established on trial, a conclusion that the judgment of the district court is manifestly erroneous would be completely unjustified.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.