HOOD, Judge.
This is an action for damages instituted by Ovey Meyers against John H. Seaux and Fireman’s Fund Insurance Company, arising out of a motor vehicle collision between an automobile owned and being driven by plaintiff, Meyers, and an automobile owned and being driven by defendant Seaux. Fireman’s Fund Insurance Company was the property damage insurer of the Seaux vehicle. Defendants answered denying *233 negligence on the part of Seaux, and in the alternative pleading contributory negligence on the part of plaintiff.
The trial court concluded the defendant was negligent, but that plaintiff was also guilty of contributory negligence which barred him from recovery. Judgment accordingly, was rendered in favor of defendant rejecting plaintiff’s demands and from that judgment plaintiff has appealed.
The accident occurred about 10:30 P. M. on November 13, 1959, in Acadia Parish at a point on U. S. Highway 90 about one mile west of Midland, Louisiana. The highway at the scene of the accident is a level, straight, heavily traveled, two-lane thoroughfare with relatively narrow shoulders.
Immediately prior to the accident, the two automobiles involved in the collision were being driven in a westerly direction along this highway, in a line of traffic consisting of at least four vehicles. The lead vehicle was being driven by Dan Duhon, the second was being driven by plaintiff, the third by an unknown driver and the fourth by defendant Seaux. Plaintiff, while driving in the westbound lane of traffic, turned to his left and entered the eastbound lane for the purpose of passing the Duhon vehicle which was immediately ahead of him. While plaintiff’s vehicle was in the eastbound lane of traffic, a collision occurred between it and the Seaux car, which also had entered the eastbound lane of traffic for the purpose of passing all three of the vehicles which were immediately in front of it.
Plaintiff testified that after he had gotten completely into the eastbound lane, but before he had passed the lead vehicle, his car was struck from the rear by defendant’s automobile, and that the Seaux car then scraped the entire, left side of his vehicle, causing the damages which are claimed in this suit. This version of how the accident occurred is confirmed by the testimony of the three other occupants of plaintiff’s car.
Defendant Seaux testified that there were no other cars in the eastbound lane of traffic when he entered that lane for the purpose of overtaking and passing the three vehicles, including plaintiff’s car, which were in the line of traffic ahead of him. He states that he passed the car which was immediately in front of him, and was in the process of passing plaintiff’s vehicle when plaintiff suddenly veered to his left, causing the left side of plaintiff’s car to collide with the right side of defendant’s car. He testified that the front of his car had reached a point approximately two feet beyond or in front of plaintiff’s car at the time plaintiff veered to his left, and that the left front portion of plaintiff’s car struck the right front fender of defendant’s vehicle. This version of how the accident occurred is supported by the testimony of Roland Guidry, an occupant of the Seaux vehicle.
The evidence establishes that as a result of the accident almost the entire left side of plaintiff’s vehicle was damaged, and that the front bumper of his automobile was pulled off. An automobile mechanic called by plaintiff testified to the effect that there was some “scraping” on the rear bumper of plaintiff’s car and that the bumper “had markings where something had hit it.” In his opinion, plaintiff’s car had been struck from the back and the overtaking car had then scraped along its left side. The scrapings or markings which the mechanic found on the rear bumper of the Meyers car must have been slight, because it appears that no repairs to the rear bumper of that automobile were required, although it was necessary to repair the front bumper, grill and left front fender of that car.
According to the testimony of defendant Seaux and his passenger, only the right front fender and the back door of defendant’s vehicle were damaged. No evidence was presented to challenge these statements or to show that the front portion of defendant’s vehicle was damaged as a result of the collision.
Counsel for plaintiff argues that the accident could not have occurred as related *234 by defendant, since the rear bumper of plaintiff’s car had been struck. That argument would be sound, of course, if we conclude that the markings on the rear bumper of plaintiff’s car were made by the front of the Seaux vehicle when this accident occurred. The fact that the damages, if any, to plaintiff’s rear bumper apparently were very slight, however raises some question in our minds as to whether the initial impact involved the rear of that vehicle. Also, we are not able to reconcile plaintiff’s testimony to the effect that his car was struck from the rear with the fact that the front bumper and grill of his automobile was damaged and that there appears to have .been no damage to the front of defendant’s .car. In our opinion, the evidence relating to the damages to these automobiles, considered alone, does not establish which version of the accident is or may be correct.
The collision apparently occurred shortly after plaintiff pulled into the passing lane of traffic and before he had overtaken the car ahead of him. The defendant vehicle, on the other hand, had traveled a sufficient distance in the eastbound lane of traffic to have overtaken and passed the vehicle which was immediately in front of it before the collision occurred. These facts indicate that the defendant vehicle entered the eastbound lane of traffic before plaintiff began his passing maneuver. If that is true, then plaintiff, by the exercise of reasonable care, should have observed before turning to his left and attempting to pass the vehicle in front of him that he could not safely veer into the opposing lane under those circumstances.
The law provides that the driver of any vehicle on the highways of this State “shall not attempt to make a turn unless the way is clear.” LSA-R.S. 32:235, subd. A. A left turn across a highway constitutes one of the most hazardous maneuvers that a driver is called upon to perform, and the responsibility for seeing that such a turn can be made safely is placed upon the motorist making the turn. LSA-R.S. 32:236; Babineaux v. Sims, La.App. 1959, 111 So.2d 848; McDaniel v. Walker, La.App.1959, 111 So.2d 208 (certiorari denied) ; Washington Fire & Marine Ins. Co. v. Firemen’s Insurance Co., 1957, 232 La. 379, 94 So.2d 295.
We find no manifest error in the trial judge’s conclusion that plaintiff was negligent in entering the eastbound lane of traffic without first ascertaining whether such a maneuver could be accomplished safely. In our opinion, plaintiff’s negligence in that respect constituted a proximate and contributing cause of the accident and bars him from recovery. Since plaintiff cannot recover because of his contributory negligence, it is not necessary for us to consider whether the trial court erred in holding that defendant Seaux was negligent.
For the reasons herein assigned, the judgment of the trial court is affirmed.
Affirmed.