BOLIN, Judge.
The lower court awarded plaintiff a nominal sum for property damage to his automobile resulting from a collision with a vehicle owned by Dennis S. Mason and being operated by his wife. Defendants have appealed.
The trial judge assigned brief oral reasons for his judgment, incorporated in the transcript of evidence, in which he concluded the accident was caused entirely by the negligence of defendant driver in executing a left turn in front of plaintiff’s approaching car when such maneuver could not be safely made. He further concluded plaintiff was not guilty of speeding or any other acts of negligence; that, therefore, plaintiff was entitled to recover and defendants’ contentions to the contrary were without merit, either under their general denial, alternative pleas of contributory negligence, pre-emption or last clear chance. Defendants also filed a reconventional demand which was dismissed under a plea of prescription.
Our review of the record leads us to the conclusion that the judgment appealed from is correct. We deem it unnecessary to recapitulate all the events surrounding this accident in order to justify our opinion. Suffice it to say that we, as did the court below, find that Dina Mason, while on a community mission, executed a left turn *240 directly in front of plaintiff’s vehicle which was approaching from the opposite direction and being operated in a careful manner; that when Hebert first realized Dina Mason intended to make such left turn, he did all he could to avoid the accident. The case, therefore, clearly falls within that group of cases, legion in our jurisprudence, holding the left turning motorist at fault under such circumstances. See Washington Fire & Marine Insurance Company v. Firemen’s Insurance Company (1957), 232 La. 379, 94 So.2d 295, and numerous cases cited therein.
Having concluded the accident was caused solely by Dina Mason’s negligence while on a community mission, it is not necessary to discuss the other issues. The judgment appealed from is, accordingly, affirmed at appellants’ costs.
Affirmed.