HOOD, Judge.
Plaintiffs in this suit, Clifton Jones and his wife, Theresa Lewis Jones, claim damages for personal injuries alleged to have been sustained by Mrs. Jones, and for medical expenses allegedly incurred, as the result of a collision between an automobile being driven by Mrs. Jones and an automobile owned and being driven by defendant, Murray H. Toms. The suit was instituted against Toms and his liability insurer, State Farm Mutual Automobile Insurance Company. After trial on the merits, judgment was rendered by the district court in favor of defendants, rejecting plaintiffs’ demands, and plaintiffs have appealed.
The accident occurred about 5:00 p. m. on March 9, 1961, on a straight, level, blacktop, rural highway in St. Landry Parish. Mrs. Jones, while driving her husband’s automobile in a westerly direction on that highway, attempted to make a left turn into a private driveway located on the south side of the road. Either as this turn was being made or after it had been completed, the left side of plaintiff’s car was struck by the right front portion of the automobile being driven by the defendant Toms. At and immediately prior to the time of the collision the Toms vehicle was also being driven in a westerly direction, immediately behind plaintiff’s car.
The issues presented in this case relate solely to the facts, plaintiffs’ version of how the accident occurred being substantially different from defendants’ version. A resolution of these issues depends upon a determination of which of these two accounts is correct.
Mrs. Jones testified that at the time she began her left turn the Toms vehicle was from 700 to 900 feet behind her, that she gave a hand signal before starting to turn, and that she had completed her turn and was stopped in the driveway with her car completely off the blacktop road when the Toms vehicle left the highway, traveled several feet partially in the ditch and then struck her car in its parked position. Her statements were supported by the testimony of other witnesses who were called by plaintiffs. Plaintiffs contend that Toms was negligent in failing to maintain a proper lookout, in driving at an excessive rate of *334 speed, in failing to keep his car under proper control, and in leaving the hard-surfaced highway and colliding with plaintiffs’ car while the latter was parked in a private driveway.
Defendant Toms testified that Mrs. Jones gave no signal or indication of any kind that she intended to make a turn, that without warning she suddenly turned to her left immediately in front of the Toms vehicle as the latter was lawfully overtaking and attempting to pass her, and that the accident occurred in the eastbound lane of the blacktopped portion of the highway rather than in the private driveway. Toms’ version of how the accident occurred is supported by the testimony of several witnesses called by him. Defendants contend that Toms was free from negligence and that the sole and proximate cause of the accident was the negligence of Mrs. Jones in making the sudden, unsignaled left turn directly in the path of the overtaking Toms car. Defendants have specially pleaded contributory negligence as a bar to recovery by plaintiffs.
The trial court specifically rejected the testimony of at least one of the principal witnesses for plaintiffs, and he apparently concluded that the accident occurred substantially as contended by defendants. The judge held that defendant Toms “wasn’t negligent to the extent that required him to take any action before he did,” that he could not conclude that plaintiff’s car “was fully on the driveway and off of the blacktop when the accident occurred,” and that “if there was any negligence on the part of the Toms driver, * * * the plaintiff wife was contributorily negligent and therefore there can be no recovery.”
In our opinion the evidence establishes that immediately before Mrs. Jones began her left turn maneuver she brought her car to a stop, or practically to a stop, on the extreme north side of the highway, with her right wheels on the narrow three-foot shoulder and the left wheels of the car on the hard-surfaced portion of the highway. From that position she then caused her car to start forward and immediately to turn to her left for the purpose of entering the private driveway which intersected the road at a point almost directly across the road from where the car had been practically stopped. We are convinced that at the moment the Jones car began its left turn the Toms vehicle was overtaking and was entering the eastbound lane of traffic for the purpose of passing it, that the Jones car turned directly into the path of the overtaking car, and that the collision occurred in the eastbound lane of traffic, as contended by defendants, rather than on the private driveway. We think the evidence fails to show that Toms was driving at an excessive rate of speed.
The law of this State is settled to the effect that the driver of a motor vehicle who attempts a left turn on a public highway must ascertain before doing so that the turn can be made in safety. Washington Fire & Marine Insurance Company v. Firemen’s Insurance Company, 232 La. 379, 94 So.2d 295; Bellard v. Texas Services, Incorporated, La.App. 3 Cir., 151 So.2d 694; Barras v. Fidelity and Casualty Company of New York, La.App. 3 Cir., 152 So.2d 74 (Cert. denied) and cases cited therein.
In the instant suit, we think the evidence fails to show negligence on the part of defendant Toms. Assuming that he was negligent in some respect, however, we agree with the trial judge that Mrs. Jones also was negligent in attempting to make a left turn from the public highway into a private driveway without first ascertaining that the turn could be made in safety, and that her negligence in that respect constituted a proximate and contributing cause of the accident barring plaintiffs from recovery.
For the reasons herein assigned, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.