CHASEZ, Judge.
Plaintiffs, Majors Tool Company, Inc., and Hardware Mutual Casualty Company, sue to recover damages to an automobile owned by Majors and insured by Hardware. The Major’s car was involved in a collision with a car owned and driven by defendant, Robert S. King.
Defendant reconvened for the damages to his car and for personal injuries.
From a judgment in favor of plaintiffs on both main and reconventional demands, defendant brings this appeal.
The case presents questions of fact only. The following facts, indicating the general nature of the case, are undisputed:
The Majors’ car was being driven by David P. Majors, Jr., along Causeway Boulevard towards Lake Pontchartrain and approaching the intersection of 49th Street, at about 9 :00 p. m., on July 29, 1961, at the speed limit of 45 miles an hour, in its left lane, the lane next to the neutral ground.
Defendant, King, was driving his car on Causeway Boulevard in the opposite direction away from Lake Pontchartrain. As defendant reached the intersection of 49th Street, he made a left turn into the intersection, intending to make a U-turn onto Causeway heading towards the Lake.
While the remaining facts are disputed, we believe the disputes were properly resolved in plaintiff’s favor by the trial court. *267 Plaintiff offered the testimony of a completely disinterested eye-witness, Emanuel Palmisano, who was driving his own car 100 to 150 feet to the rear of the Majors’ car and in the right traffic lane. Mr. Pal-misano, an officer of the New Orleans Police Department, testified that the Majors’ car was about 50 to 100 feet away from the intersection when defendant’s car, instead of stopping in the neutral ground of the intersection, moved slowly out into both lanes of the lakebound roadway; the driver of the Majors’ car applied its brakes and moved slightly-to the left, but in spite of this action struck defendant’s car at its right rear corner. The Majors’ car remained approximately at the point of impact; according to Officer Palmisano’s. marking on the sketch in evidence, the Majors’ car remained almost entirely within the intersection. His testimony is that defendant’s car ended up completely off the roadway to the right, not far from the intersection.
Photographs of defendant’s car show that it was struck approximately on the right rear corner and the amount of damage makes it clear that the Majors car had reduced its speed to considerably less than 45 miles an hour as of the moment of impact. Those photographs also demonstrate that defendant’s car was not struck squarely in the rear, as would have been the case had defendant already completed his U-turn and travelled two car lengths away from the intersection towards the Lake, as defendant contends.
Officer Palmisano’s disinterested testimony corroborates in all material aspects the testimony of the driver of the Majors’ car and his passenger.
The trial court obviously resolved the factual disputes in plaintiffs’ favor, finding the facts to be as recited by Officer Pal-misano, the driver of the Majors’ car, and his passenger.
Defendant offered only his own testimony and that of a traffic expert to contradict plaintiffs’ witnesses. Defendant testified that he saw Majors’ car about 200 or 300 feet away as he left the neutral ground portion of the intersection. Plaintiffs’ witnesses estimated this distance at a maximum of 125 feet. Defendant’s expert testified as to stopping distances, etc., and opined that at 45 miles per hour the Majors’ car would have required a total of about 152 feet to stop. We believe that this evidence does not sufficiently rebut the clear preponderance of the evidence in plaintiffs' favor.
Defendant’s legal arguments are based on his version of the facts. While the principles of the cases he cites are doubtless correct statements of law, they have no application to the factual situation we find clearly presented by this record.
“ * * * The cases are legion which hold that before making a left turn the driver of an automobile must ascertain that he may do so safely; not only is this cardinal rule of the road founded on common sense, but in our State is a positive enactment, incorporated in the Revised Statutes as R.S. 32:235, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed; and said driver ‘shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.’ (Emphasis ours.) Among pertinent cases are * * *; and Codifer v. Occhipinti, La.App., 57 So.2d 697. In the last cited case the Court of Appeal for the Parish of Orleans aptly stated that ‘when such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence.’ ” Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295 (1957).
*268 The judgment appealed from correctly found that defendant’s negligence in attempting the U-turn when plaintiffs’ car was in such proximity was the sole cause of the accident. The judgment is, therefore, affirmed.
Affirmed.