SAVOY, Judge.
This is a suit for damages in tort arising out of an automobile accident which occurred in Lafayette Parish, Louisiana, on October 10, 1964. Plaintiff alleges that he was driving his 1961 Mercury automobile in a southerly direction along Highway 167, and that Samuel L. Wyse, Jr., who was driving a 1964 Chevrolet automobile in a northerly direction, suddenly turned left into the path of plaintiff’s automobile, causing the resulting accident and damages. Named as defendants are Samuel L. Wyse, Jr.; his employer, Broderick and Bascom Rope Co., Inc.; and the insurer, The Reliance Insurance Company of Philadelphia, Pennsylvania. It is alleged that the 1964 Chevrolet was owned by the employer and furnished to Wyse, and that at the time of the accident Wyse was acting in the course and scope of his employment, and was covered under a comprehensive automobile insurance policy issued by the insurer in favor of the employer and/or its employees.
Defendants answered the petition, admitting the accident, the ownership of the Chevrolet automobile, and the existence of a liability insurance policy; but denying all liability and all other allegations of plaintiff’s petition. It was alleged that the sole and proximate cause of the accident was the negligence of plaintiff. Alternatively, a plea of contributory negligence was asserted.
*371 After trial on the merits, judgment was rendered for plaintiff in the sum of $2,121.-42. From this judgment defendants have appealed to this Court. Plaintiff did not appeal or file an answer to the appeal.
Defendants maintain that the district court erred in rendering judgment against Broderick and Bascom Rope Co.; that it erred in finding Samuel L. Wyse, Jr., guilty of negligence which constituted a proximate cause of the accident; and, alternatively, the district court erred in failing to find plaintiff guilty of contributory negligence. Plaintiff maintains the district court’s findings of fact and its application of the law in this case should be affirmed.
The record shows the accident occurred at about 7:00 P.M. on October 10, 1964, on U. S. Highway 167 just north of Lafayette, Louisiana, in front of Breaux’s Supercheck Mart. In this area the highway is of concrete construction, fifty feet wide, and is straight and level. There are four lanes with double yellow lines in the middle and with white lines dividing the two northbound lanes and the two southbound lanes. The grocery store has a paved apron and parking area. At the south of the paved apron there is a ditch and utility pole. The speed limit in the area is 50 miles per hour. At the time of the accident the traffic was heavy, the weather clear, the highway dry, and the parking area at the grocery store was almost filled. It was dark, and both vehicles had their headlights on. Plaintiff was alone and was driving in the outside southbound lane. Mr. Wyse was driving in the inside northbound lane just prior to the accident, with his wife in the right front seat, and made a left turn to enter the parking area of the grocery store. Plaintiff’s car left about 120 feet of tire marks prior to the point of collision, veering slightly to the left to the point of impact in the outside southbound lane. These tire marks were dark, but were not skid marks, such as would be left by a vehicle with its wheels locked. The right front portion of plaintiff’s car struck the right rear portion of the Chevrolet, with the major point of impact at its right rear door, tire and fender. Plaintiff’s vehicle then skidded out of control for about 153 feet, leaving light skid marks, and came to rest in the center of the highway facing in a southeasterly direction. Its right front wheel was twisted 45 degrees, indicating the vehicle had been out of control. The Chevrolet spun around and came to rest in the ditch at the south side of the entrance to the grocery store against the utility pole, facing in a southwesterly direction. It had moved a distance of about 57 feet, measuring from the point of impact to its front bumper, which was its most distant part. Both cars were heavily damaged.
Mr. Wyse was operating the Chevrolet automobile owned and furnished to him by his employer, Broderick and Bascom Rope Company, with its consent. He had not worked on the job for his employer on the day of the accident, or the day prior, as he had just moved into a new house and was in the process of unpacking and getting settled in the house. At the time of the accident he and his wife were enroute to the grocery store for certain items of groceries.
Mr. and Mrs. Wyse testified that Mr. Wyse stopped the Chevrolet in the inside northbound lane of the highway, with its left turn blinkers working, to allow several southbound cars to pass, and then proceeded to make a normal left turn into the parking area of the grocery store. They testified the nearest southbound vehicle was about one or one and one-half blocks away when the left turn was commenced. Mr. Wyse testified he first realized any danger when his wife screamed and he saw a blinding flash of lights. Mrs. Wyse testified she first realized any danger just before the impact when she saw a flash of light out of the corner of her eye.
Plaintiff testified he was driving southerly in the outside lane at a speed of about *372 45 or 50 miles per hour and first saw the Chevrolet as it shot across the highway in front of him. He said he tried to turn to his left, but was unable to avoid the collision. He did not observe the Chevrolet until it started its turn across the highway in front of him.
Mr. and Mrs. Robert Melton were witnesses to the accident. They testified that Mrs. Melton was driving with Mr. Melton in the right front seat as they proceeded southerly in the inside lane at a speed of 40 to 45 miles per hour. There was no traffic immediately in front of them. Mr. Melton testified plaintiff’s car passed them on their right side at a high rate of speed. He testified the tail lights of plaintiff’s car did not go on and plaintiff apparently made no attempt to slow down or avoid the accident. He estimated they were about 150 yards away when the cars collided. He did not see the Chevrolet until it began its left turn. Mrs. Melton testified she saw the left turn lights on the Chevrolet. She indicated she was driving not less than 40 miles per hour, and that because of its speed, plaintiff’s car “kinda shook” their car as it passed. The testimony of the Meltons indicated that plaintiff’s car passed them at about the location of a particular sign which was shown to be located about 539 feet north of the site of the accident.
It was stipulated that at the time of the accident there was in force a policy of public liability and property damage insurance issued by The Reliance Insurance Company of Philadelphia, Pennsylvania, in favor of Broderick and Bascom Rope Company, Inc. covering the Chevrolet automobile which Mr. Wyse was operating with the consent of his employer.
We shall first consider the issues of negligence and contributory negligence. The district court accepted plaintiff’s version of the accident as being more consistent with the physical evidence in the case. It concluded that Mr. Wyse made the left turn at a time when plaintiff was much too close, without being certain the way was clear, and that this negligence was the sole and proximate cause of the accident. The district court did not believe plaintiff was exceeding the speed limit, but considered that even if he was speeding to some degree, such would not constitute a contributing cause of the accident. This Court has carefully reviewed the record and finds no manifest error in these holdings by the district court.
The accident occurred after darkness had descended. Mr. Wyse observed the headlights of the approaching automobiles and obviously misjudged their speed and distance away. He also failed to continue to observe the situation as he began his left turn to locate a parking space in the parking area at the grocery store. In making a left turn, he was charged with a high degree of duty to ascertain that the maneuver could be made in safety. This is particularly true at night when visibility is less and it is more difficult to judge speeds and distances of automobiles. The law pertaining to left turns was expressed by our Supreme Court in Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295 (1957), with this language:
“ * * * The cases are legion which hold that before making a left turn the driver of an automobile must ascertain that he may do so safely; not only is this cardinal rule of the road founded or common sense, but in our State is a positive enactment, incorporated in the Revised Statutes as R.S. 32:235, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed; and said driver ‘shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.’ (Emphasis ours.) Among pertinent cases are Lane v. Bourgeois, La.App., 28 So.2d
*373 91; Home Insurance Co. v. Warren, La.App., 29 So.2d 551; Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264; Malone v. Fletcher, La.App., 44 So.2d 352; Zurich Fire Ins. Co. of New York v. Thomas, La.App., 49 So.2d 460; and Codifer v. Occhipinti, La.App., 57 So.2d 697. In the last cited case the Court of Appeal for the Parish of Orleans aptly stated that ‘When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence.’ 57 So.2d at page 699.”
In determining that plaintiff was not guilty of contributory negligence, the district court found plaintiff saw the Chevrolet automobile as it began its left turn and attempted to veer left to avoid the accident, but was unable to do so. This is substantiated by the testimony of plaintiff and the physical evidence at the scene of the accident. The physical facts discount the testimony of Mr. Melton that plaintiff did not brake his automobile or attempt to avoid the accident. The tire marks veered to the left prior to the accident. The trooper testified he paced off dark tire marks before impact of about 120 feet, but he did not indicate whether the marks began or ended from the front or rear tires. Apparently plaintiff’s car was braked a distance of approximately 105 feet prior to the point of impact. Plaintiff needed some reaction time preceding that to recognize the danger and apply his brakes. The normal reaction time is ¿4 seconds, during which period a vehicle proceeding at 50 miles per hour would travel 55 feet. Since this was at night, this reaction time could reasonably be extended. This indicates that plaintiff saw the Chevrolet making the left turn from a distance of approximately 160 feet. During the period of time that plaintiff’s car was moving approximately 160 feet, the Chevrolet was also moving across the highway. The Chevrolet moved to a position across the outside southbound lane on the highway, moving across the highway a distance of about 25 feet beyond the center line. Considering the normal stopping distances required and that plaintiff’s Mercury automobile was heavier than a standard car, and all the other factors involved, we agree with the district court that plaintiff could not have stopped his car prior to the point of the accident, nor was he able to avoid the Chevrolet which was broadside in the highway. We find the evidence substantiates the ruling by the district court that plaintiff was free of any negligence in this case.
The last issue is whether the district court erred in rendering judgment against Broderick and Bascom Rope Co., Inc. We find no evidence in the record that Mr. Wyse was acting in the course and scope of his employment at the time of the accident. Although he was driving an automobile furnished him by his employer, he was on a purely personal mission or errand, and there is no legal basis to impute his negligence to his employer. Also, there is no evidence as to any negligence on the part of the employer. Accordingly, we find that the district judge committed error in granting plaintiff judgment against Broderick and Bascom Rope Co., Inc. In view of the stipulation as to insurance, judgment was properly entered against the insurer.
For the reasons assigned, the judgment of the district court is reversed insofar as it granted judgment in favor of plaintiff against Broderick and Bascom Rope Co., Inc., and judgment is hereby rendered in favor of defendant, Broderick and Bascom Rope Co., Inc., rejecting plaintiff’s demand as to it and dismissing his suit as to it. In all other respects the judgment of the district court is affirmed. Costs are assessed against Samuel L. Wyse, Jr. and the Reliance Insurance Company of Philadelphia, Pennsylvania.
Reversed in part and affirmed in part.