SAVOY, Judge.
The facts in the instant case are that on the night of October 22, 1968, at approximately 9:00 P.M., Miss Louise DeLuca was driving her car in a northerly direction on Louisiana Highway 14, and Terry Lee Johnson was driving several hundred feet ahead of Miss DeLuca on a motorcycle on the same highway. Johnson and Miss DeLuca had both entered the highway from West McNeese Street and were aware of the presence of the other.
Miss DeLuca gradually narrowed the distance between her and Johnson, and as the vehicles approached the entrance of the New Moon Theater located on the west side of Highway 14, Johnson attempted a left turn, and his motorcycle was struck on the western edge of the highway as Miss DeLuca attempted to pass him. The right portion of the DeLuca car struck the motorcycle causing the accident in this case.
After a trial on the merits, the district judge held that both parties were negligent and denied recovery to plaintiff. He appealed.
The only eye witnesses to the accident are the parties involved in the accident.
Two City policemen investigated the accident. They testified the accident occurred at the edge of the west lane of the highway, and that Miss DeLuca left skid marks of approximately forty-eight feet. They stated that in their opinion she was not speeding.
Johnson, an unemancipated minor at the time of the accident, testified that he was aware that a car was approximately 200 feet south of him when he slowed down to make a left turn into the theater premises. He also testified he did not look back immediately before negotiating the left turn.
Miss DeLuca was rather vague when she testified. She stated that, seeing no cars coming from the opposite direction, she attempted to pass Johnson; and as she did, he made the left turn causing the accident.
The district judge found that lighting was good in the vicinity of the accident, that visibility was good for a distance of approximately 250 feet on said highway in either direction from the scene of the acci *81 dent. He found Johnson negligent in not keeping a proper lookout before making the left turn. He also found Miss DeLuca negligent in not keeping a proper lookout near the entrance and exit of the theater; in not wearing her glasses as required by her driver’s license permit; and in not giving an audible signal before attempting to pass Johnson. The probable reason for commenting on the negligence of Miss De-Luca was that a companion case entitled, “Motors Insurance Co. v. Terry Lee Johnson, et al”, was consolidated with the instant case for trial. No appeal has been lodged in this Court in that case.
The jurisprudence of this state is to the effect that a person making a left turn must ascertain that it can be done safely; that he must give an adequate signal indicating same; and also must make adequate observation to his rear before making the left turn; and that said observation must be made immediately before the left turn. Johnson v. Wilson, 239 La. 390, 118 So.2d 450; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; and Washington Fire and Marine Insurance Company v. Firemen’s Insurance Company, 232 La. 379, 94 So.2d 295.
We agree with the district judge that Johnson was negligent in making the left turn. By his own testimony he admitted that he did not look to his rear immediately prior to the left turn.
Having concluded that Johnson’s negligence was the proximate cause of the accident, we need not determine whether Miss DeLuca was also negligent.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.