This is a suit for the recovery of damages both to the automobile and the person of plaintiff as the result of a collision between plaintiff's Pontiac automobile, driven by his 16-year old son, and a Chevrolet taxicab of defendant company, driven by Abraham B. Akins, one of its regular taxi drivers. After trial there was judgment rejecting plaintiff's demands, from which plaintiff appeals.
The accident occurred within the municipal limits of the Town of Bossier City on Highway 71 at a point immediately in front of a night spot known as the Pelican Club, about 1:00 o'clock A.M. on August 9, 1946.
There were only two eyewitnesses to the accident, young Hardin and Akins. At the time plaintiff was asleep on the front seat of his car, and, of course, was unable to *Page 815 
testify as to any incidents actually bearing upon the accident.
Immediately prior to the collision both the taxicab, which was moving at a very slow rate of speed, and the Hardin car, which was being driven at a rate of some 50 to 60 miles per hour, were proceeding in the same direction, that is, north toward Shreveport. The driver of defendant's taxicab testified that he slowed down at a point south of the Pelican Club, gave a stop signal, made an observation for following traffic in his two rear view mirrors, one inside and one outside the taxicab, signaled for a left turn, proceeded to turn across the highway toward the parking area adjacent thereto and immediately in front of the Pelican Club and was struck as his front wheels had passed some two feet over the center line.
Young Hardin testified that he sounded his horn at a distance of some 90 feet from the taxi, pulled to the left to pass, and that the taxi turned across the highway when the cars were only about 20 feet apart.
The driver of the taxicab testified that he heard no horn signal until an instant before the crash. Young Hardin testified that he observed no arm signals made by the taxi driver.
Study of the record convinces us that both drivers were guilty of negligence and that such concurrent negligence was the proximate cause of the accident, which finding is in accord with the conclusions reached by the trial judge.
Unquestionably the driver of plaintiff's car was guilty of negligence in driving at a speed of 50 to 60 miles per hour within the corporate limits of a municipality where the legal limit was fixed, according to the record, at 23 miles per hour. Mute evidence of the excessive speed and lack of control on the part of the driver of plaintiff's car is shown by the fact that the car was brought to a stop, after sideswiping defendant's taxicab, only after it had skidded some 175 feet, struck a telephone pole and rebounded several feet therefrom.
Further evidence of negligence on the part of the driver of plaintiff's car is found in the fact that, according to his own testimony, he first sounded his horn signaling his intention to pass at a time when he was only 90 feet behind the taxicab, which meant that at a speed of 50 to 60 miles per hour there was approximately one second of time intervening between the sounding of the horn and the point at which he would have reached the taxicab.
We think the facts indicate that the sounding of the horn and the impact of the collision were almost simultaneous, leading to the conclusion that the horn was not sounded until the taxi driver actually began his turning movement.
Upon the principle established by our jurisprudence to the effect that a motorist is held to have seen what he could and should have seen, the drivers of both vehicles were negligent, the driver of plaintiff's car by reason of his failure to observe the turning movement of the taxicab, and the driver of the latter vehicle by reason of his failure to observe the car approaching from the rear.
There are certain matters presented and argued in connection with the instant case concerning which we pretermit any discussion for the reason that the findings above set forth are sufficient to determine the matter.
We have considered the wealth of citations of authority provided in briefs of counsel for both parties, but in view of our conclusion that the facts established are sufficient to serve as the basis for judgment upon the almost elementary legal principles briefly noted, we do not find it necessary to enter into a discussion of the authorities cited.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 816