McBRIDE, Judge.
This suit and another, in which a separate opinion will be handed down by us, were consolidated in the court below for purposes of trial; separate judgments were rendered in each. Plaintiff herein, Theriot, sues Rousse and his liability insurer for the sum of $5,362, representing property damage, losses, attendant expenses, and personal injuries sustained by plaintiff in an accident which happened when his automobile collided with Rousse’s vehicle on the morning of February 13, 1957, at the intersection formed by Highway U. S. 90, which runs east-west, and a secondary road known as Bayou Gauche Road, which crosses the highway at a right angle, about two miles west of the town of Paradis in St. Charles Parish. Rousse, who was the driver of his automobile, is charged with several acts of negligence, among which are his alleged failure to maintain a proper lookout and his attempt to proceed from a place of safety on a secondary road across a heavily-trafficked highway without ascertaining whether the passage could be properly and safely made. The defendants in answer denied Rousse was negligent and *800 set up certain acts of negligence which they ascribe to Theriot, who was driving his car, and, alternatively, defendants, pleaded that' Theriot was contributorily negligent in several respects which need not be particularized here.
After a trial of the case on the merits, there was judgment in favor of defendants dismissing plaintiff’s demands at his cost and plaintiff has appealed. The trial court was of the opinion that Theriot:
“ * * * had the opportunity of the last clear chance to avoid this accident. All of the elements of this well known doctrine were present and existing but Mr. Theriot ignored his responsibility as a motorist.”
1 The only eyewitnesses were the motorists themselves.
Theriot was traveling westerly on the highway and Rousse was driving northward on the road above-mentioned, and just as Rousse’s car reached the westbound lane of the highway, its right side was struck by the front of Theriot’s car.
The negligence of Rousse appears so clearly from the evidence that there is need for but little discussion thereof. When he reached the stop sign confronting him at the intersection of the highway, he 'came to a full stop, but because his view was obstructed by certain objects on the shoulder of the highway, he drove a little farther ahead to a point from which he had a clear view both ways. Rousse says he stopped there and looked carefully to the east and west (he says he could see a mile in each direction), and observing no approaching traffic on the highway, proceeded across at a speed of 8-10 miles per hour and his car was struck when he had almost negotiated the crossing. Rousse was oblivious of the presence of Theriot’s automobile on the highway until the very moment of the impact. His own narration convicts him of the most palpable negligence. No valid reason can be assigned why he should have failed to observe the Theriot car.
One driving a motor vehicle is under the duty to look at all times and he must see what he can see and in legal contemplation does see, and his failure to observe what could have been seen by exercising due diligence will not absolve him from liability for resulting injury to others.
As we have- seen, Theriot was driving toward Houma, and his uncontradicted statement is that his speed was 45 miles per hour. There is some contention from the defendants that Theriot was violating two sets of speed regulations, first, the local ordinance which establishes a maximum speed of 35 miles per hour in the town of Paradis, and, secondly, it is said he was traveling on a portion of the highway upon which construction work was being performed, due to which circumstance'the maximum allowable speed, as fixed by Louisiana law was 25 miles per hour. There was no violation of the speed laws governing traffic in the town of Paradis, for it is unequivocally shown by the evidence Theriot had passed through the town and the locus of the accident was from 1,500 to 2,000 feet without the Para-dis speed zone. Nor was there any violation of any speed regulation which might have obtained during the progress of repair work on the highway, for the reason there was no construction work going on at the time, the evidence being convincing that highway .repairs had been concluded some time prior to the accident and the barricades used in connection therewith had been placed on the shoulders on both sides of the paved highway awaiting removal.
Theriot states he first saw the Rousse car as it was about to enter the highway when he was 50 feet before reaching Bayou Gauche Road, but there is some indication that the barricades mentioned above were located from 50 to 75 feet away from Bayou Gauche Road and that Theriot • saw the Rousse automobile upon reaching a point where the barricades were located. The trial judge found as a fact that the barricades were 75 feet removed from the *801 Bayou Gauche Road and that Theriot was able to and did see from that point that the Rousse car would enter the highway, from which findings resulted his conclusion that Theriot, had he been alert, could have averted the collision. We do not disagree with our learned brother as to when Theriot became aware of the danger, but we disagree that Theriot had sufficient time, opportunity or space to avoid the crash. He maintains that he immediately applied his brakes but this maneuver was ineffective and the accident could not be avoided. We do not doubt, taking into consideration reaction time and the scant space intervening between the two vehicles, that Theriot could not possibly stop in time. At a speed of 45 miles per hour a vehicle moves at the rate of 65.7 feet per second, and we are impelled to hold that the accident was inevitable insofar as plaintiff is concerned, regardless of any measures he might have taken.
In Ballard v. Piehler, La.App., 98 So.2d 273, 276, the First Circuit Court of Appeal held in a case which cannot be distinguished from the instant case in any aspect as follows:
“ * * * It is extremely difficult if not impossible to determine from the record exactly how far away the defendant was from the plaintiff when the situation of peril was created. From all of the evidence the trial court concluded this distance to be about 70 feet and that at the time the defendant’s vehicle was traveling at the approximate speed of 40 miles per hour or 58 feet per second. At this speed the defendant could not have brought his car to a stop before reaching the plaintiff no matter what care he exercised. * * * ”
We perceive no negligence on Theriot’s part either before or after he was confronted with the sudden emergency created by the ill-timed attempt of Rousse to drive his car across the highway without attempting to learn if that could be done with safety.
The defendants must fail in their endeavor to make out a case of last clear chance because the doctrine contended for is certainly not applicable here. Under the doctrine of the last clear chance as established by Louisiana jurisprudence, a motorist who observes or should, by the exercise of reasonable care, have observed another in a position of peril is to be held responsible for injuries caused by an ensuing collision with the other despite any contributory negligence on the part of the latter only if, after the duty to make such observation arose, the motorist could reasonably have avoided the accident. Belshe v. Gant, 235 La. 17, 102 So.2d 477.
Theriot’s vehicle, a Ford sedan, was damaged to the extent of $1,010 and he suffered painful physical injuries. He produced no medical testimony as the litigants agreed that the written statement of the attending physician would be admissible as evidence, and it appears from this that Dr. Clark Collins of Houma treated plaintiff for abrasions of the forehead, contusion of the right mandible, contusions to left and right shoulders (right worse), and deep laceration of right knee which required sixteen sutures. The doctor saw plaintiff several times. These injuries must have been painful indeed and plaintiff was incapacitated from carrying on his occupation for a period of fifteen days which resulted in a loss of wages of $300.
However, none of the injuries are permanent, and we believe that an award to plaintiff of $2,362 would adequately compensate him for the $52 doctor bill incurred, the damages to his automobile, loss of wages, and physical injuries.
Therefore, the judgment rendered by the court below is reversed, and it is now ordered, adjudged and decreed that plaintiff have judgment against the defendants, in solido, for the full sum of $2,362, with legal interest from judicial demand and for costs of both courts.
Reversed.