EARL R. BRAZEE, demandante y apelado, *v.* MR. & MRS. WISE, ETC., demandados y apelantes.

Número 12313.

*Reasignado:* 20 de junio de 1961. *Resuelto:* 29 de junio de 1961.

*J. M. Valentín Esteves* y *Antonio A. Simonpietri,* abogados de los codemandados apelantes Mr. & Mrs. Wise y American Armed Services Underwriters, Inc.; *Rivera-Zayas, Rivera-Cestero & Rúa* y *Aldo Segurola de Diego,* abogados de los codemandados apelantes Joseph E. Welton y Hartford Accident & Indemnity Co.; *Santiago Polanco Abréu,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La controversia planteada en el presente recurso no es entre demandante y co-demandados. Está limitada a los co-demandados entre sí. Se trata de una acción de daños y perjuicios en que los co-demandados admiten que hubo negligencia, pero cada uno sostiene que el otro es el único responsable de la totalidad de los daños sufridos por el demandante.

Los hechos ocurrieron en el Km. 4 Hm. 3 de la carretera número 5 en la demarcación territorial del Municipio de Aguadilla. El demandante era pasajero en un automóvil guiado por el co-demandado Welton. Este vehículo iba en dirección a la Base Ramey. Delante caminaba otro vehículo conducido por la esposa del co-demandado Wise. La esposa de Wise fue incluida como demandada al igual que las compañías aseguradoras de Welton y Wise. Caminaban ambos

carros a una velocidad que se calculó entre 40 y 45 millas por hora. El vehículo conducido por la Sra. Wise redujo la velocidad considerablemente—prácticamente se detuvo—e hizo señales para indicar su intención de virar, desviándose momentáneamente hacia la izquierda, cambiando luego su dirección hacia la derecha en un ángulo apróximado de 90 grados con el evidente propósito de entrar por un camino que queda a ese lado de la carretera. En ese preciso instante el vehículo conducido por Welton chocó al de la Sra. Wise por el lado derecho y con el impacto, el demandante que venía en el asiento delantero del carro de Welton, rompió el parabrisas, haciendo un hueco en el mismo. El demandante sufrió varias heridas en el rostro que le han dejado huellas permanentes de desfiguración, "especialmente una herida que se prolonga desde la mejilla del lado izquierdo cruzando sobre el labio superior y prolongándose hasta la mejilla del lado derecho con limitación en el uso de su labio que impide que el demandante cierre los labios completos, especialmente en el lado izquierdo de ese labio y otras heridas que han dejado huellas permanentes en la nariz, la frente y las mejillas."

La demanda fue declarada con lugar. Ambos co-demandados fueron condenados a pagar, "por partes iguales", la cantidad de $9,000 más $1,500 de honorarios de abogado.

Como antes dijimos, lo único a decidirse en el presente recurso es si ambos co-demandados son responsables o si lo es uno sólo de ellos. Ambos predican su recurso en que la situación de hechos que antes referimos le exime de responsabilidad, sosteniendo que la responsabilidad total recae en el otro co-demandado.

■■ Ambos son responsables. En el juicio ante el tribunal de instancia sólo prestaron declaración, además del médico que atendió al demandante en ocasión del accidente, el demandante y los dos co-demandados que guiaban sus respectivos vehículos. El tribunal dio crédito a la declaración

del demandante, que en ciertos extremos está corroborada por la de los propios co-demandados. De ella surge la responsabilidad de los dos conductores, pues obviamente ambos fueron negligentes. La situación de hechos antes relatada lo establece. Veamos como el demandante Brazee describió el accidente. Refiriéndose a la conducta de la Sra. Wise, copiamos de la transcripción de evidencia, a las páginas 20 y 32:

"R.—Ibamos en dirección de la Base siguiendo el carro número 1, y ella empezó a reducir la velocidad y empezó a tomar una curva hacia la izquierda y aparecía como que ella iba a salirse de la carretera hacia la izquierda o tomar una vuelta hacia la izquierda, virar hacia la izquierda; entonces ella cruzó a través de la carretera hacia la derecha y el carro en que yo venía le dió por el lado derecho al de ella un impacto." (T. de E. pág. 20)

"P.—Dígale a la Corte qué hizo el carro de Mrs. Wise que lo hiciera a usted creer que iba a virar para una casa.

R.—Ordinariamente cuando un carro gira hacia la derecha gira hacia la derecha, pero ella comenzó a inclinarse hacia la izquierda, cruzó la mitad izquierda de la carretera, por lo menos la línea del centro la cruzó, y enderezó y giró hacia la derecha para entrar al camino privado." (T. de E. pág. 32)

Y en cuanto al co-demandado Welton, conductor del vehículo donde iba el demandante, copiamos de la página 24:

"P.—Le pregunto que si ocurrió algo en el vehículo número 2 donde usted iba en relación con el chófer del carro número 2 antes de que el accidente ocurriera.

R.—Nada ocurrió; él no estaba muy pendiente a la carretera y yo le señalaba los peligros que había.

P.—¿Por qué le señalaba usted el peligro que había?

R.—Yo no sé pero él no había reducido la velocidad cuando el carro empezó a parar.

P.—¿Cuál carro empezó a parar?

R.—Cuando el carro número 1 empezó a virar.

P.—¿Y a qué peligro se refiere usted cuando dice que le llamó la atención sobre un peligro?

R.—Yo le dije "Joe, vela ese carro"." (T. de E. pág. 24)

La Sra. Wise fue descuidada y negligente al desviar su automóvil hacia la izquierda para luego doblar hacia la derecha sin antes cerciorarse de que no le seguía un automóvil. El uso de las luces direccionales así como la señal con la mano indicativa de que tenía la intención de doblar hacia la derecha no la eximía de su deber de ejercer el debido cuidado al realizar dicho viraje. El hacer las mencionadas señales no autoriza a un conductor a ignorar el hecho de que hay un vehículo que se aproxima en la misma dirección. Las señales son una ayuda necesaria para la conducción de vehículos de motor en las carreteras, pero claramente no autorizan al conductor a dejar de tomar las demás precauciones de rigor en ese momento. Cf. *Portalatín* v. *Noriega*, 33 D.P.R. 790, 798 (1924). Como se dijo en *Cassar* v. *Mansfield Lumber Co.*, 35 So.2d 797, 799 (La. 1948):

" . . . cuando un conductor dobla hacia la izquierda bajo circunstancias tales que el movimiento no pueda efectuarse con seguridad, no constituye una excusa válida el hecho de que hizo la señal requerida con la mano, antes de efectuar el movimiento claramente peligroso."

■ Tampoco puede haber duda en cuanto a la negligencia de Welton, conductor del segundo vehículo, donde viajaba el demandante. Era su obligación ir atento a la carretera y de los demás automóviles que por ella transitaban. Es deber de todo conductor tener el vehículo que conduce bajo constante control en todo momento, de suerte que pueda detener con tiempo su marcha si de pronto surge una situación de emergencia. La regla general aplicable al caso como el presente está expuesta en 4 Shearman and Redfield *on Negligence*, pág. 1655, como sigue:

"Un vehículo que sigue a otro debe controlar su velocidad así como la distancia que lo separa del vehículo que le precede en tal forma que pueda enfrentarse a la posibilidad de que este último desacelere o se detenga completamente."

El caso de *Hardin* v. *Yellow Cab Co. of Shreveport*, 38 So.2d 814, 815 (La. 1949) presentó una situación de hechos

similar a la envuelta en el presente, y resolviéndola la corte dijo:

"Bajo el principio establecido por nuestra jurisprudencia en el sentido de que todo conductor está supuesto a haber visto lo que podía y debía observar, los conductores de ambos vehículos fueron negligentes, el conductor del automóvil del demandante por haber dejado de observar el movimiento del taximetro al éste virar, y el conductor del taximetro por haber dejado de observar el vehículo que se le acercaba por detrás."

Es por tanto correcta la conclusión a que llegó el tribunal de instancia haciendo responsable a ambos conductores.

*Procede la confirmación de la sentencia.*

El Juez Asociado Sr. Serrano Geyls no intervino.