137 So.2d 82 (1962)
William A. ROMANS
v.
NEW AMSTERDAM CASUALTY CO. et al.
No. 5463.
Court of Appeal of Louisiana, First Circuit.
January 29, 1962.
*83 Taylor, Porter, Brooks, Fuller & Phillips, by Frank M. Coates, Jr., Baton Rouge, for appellants.
Watson, Blanche, Wilson, Posner & Thibaut, by A. J. Reine, Jr., Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
Defendants herein, Horace McKinley and New Amsterdam Casualty Company, appeal from the judgment of the trial court against them in favor of plaintiff, William A. Romans, in the sum of $241.88 in recompense of property damages to plaintiff's 1953 Cadillac automobile resulting from an accident in which plaintiff's said automobile, being driven by plaintiff's wife, Mrs. Romans (who was attempting a left turn), was struck on its right rear side by an oncoming 1954 Buick automobile owned and being operated by defendant McKinley and insured by defendant New Amsterdam Casualty Company.
The collision giving rise to this lawsuit occurred at approximately 8:10 A.M., December 11, 1959, at the intersection of North 22nd Street and Florida Boulevard both of which thoroughfares are main traffic arteries in the City of Baton Rouge.
*84 For the enlightenment of the reader, Florida Boulevard is a four-lane, east-west thoroughfare providing two lanes of travel for east and west bound travel alike. North of its intersection with Florida Boulevard, North 22nd Street (which runs in a northerly-southerly direction) consists of two northbound lanes (the eastern portion of North 22nd Street) and three lanes for southbound traffic (the western portion of said street) the inside or left of the three southbound lanes being dedicated to use by southbound motorists desiring to turn left from North 22nd Street to proceed easterly along Florida Boulevard. The center or middle lane is devoted to through traffic proceeding southerly and the right or outside lane is intended for use by southbound motorists wishing to turn right in order to proceed westerly on Florida Boulevard. South of Florida Boulevard North 22nd Street consists of two lanes for southbound traffic and three for northbound vehicles the designation of said three northbound lanes being the same as the three southbound lanes on the north side of Florida Boulevard insofar as left turning, through traveling and right turning vehicles are concerned.
From the foregoing description, it will be readily observed these bisecting avenues of travel resulted in a rather wide intersection. Flow of vehicular traffic at this point was (at the time of the accident) controlled by an electrically operated signal light of the type which have become quite prevalent upon our modern streets and highways. Left turns were permitted both northbound and southbound motorists using the respective inside lanes of North 22nd Street. The controlling signal light was so operated that it showed a green or "go" signal to both northbound and southbound traffic simultaneously which arrangement made it necessary for a left turning motorist to execute such maneuver in the face of oncoming traffic having the right to proceed through the intersection.
Just prior to the accident Mrs. Romans who was proceeding northerly along North 22nd Street stopped her vehicle in the extreme inside or left turn lane awaiting a change in the traffic signal so that she could proceed to make a left turn and go west on Florida Boulevard. Defendant was traveling southerly on North 22nd Street in the center (through) lane and as Mrs. Romans was attempting her left turn the right rear fender of the Cadillac she was driving was struck by the front of defendant's Buick, the place of collision being fixed by the investigating officers at a point approximately 3 feet east of the west parallel of North 22nd Street and 9 feet south of the north parallel of Florida Boulevard.
Plaintiff contends the accident occurred solely by virtue of the negligence of defendant which negligence is alleged to consist of his traveling at an excessive rate of speed, failure to maintain a proper lookout, failure to yield the right of way to Mrs. Romans who, according to plaintiff, had preempted the intersection and almost completed her turn when struck, and, alternatively, failure to exercise the last clear chance to avoid the collision.
Defendants maintain McKinley was free from any negligence whatsoever and that the accident occurred solely because of the negligence of the driver of the Romans automobile. It is contended that Mrs. Romans was negligent in failing to see defendant's oncoming vehicle, failing to maintain a proper lookout, declining to yield defendant the right of way, and recklessly attempting a left turn in the face of defendant's approaching vehicle when defendant was so near it was unsafe for her to do so. Alternatively, defendants plead the contributory negligence of Mrs. Romans in the respects hereinabove mentioned.
Our esteemed brother below found plaintiff guilty of negligence in failing to see defendant's oncoming automobile and attempting a left turn across defendant's path of travel but nevertheless held defendant McKinley liable under the last clear chance doctrine and awarded judgment in favor of plaintiff on the basis that *85 defendant could and should have avoided striking plaintiff's automobile. The trial court found as a fact that defendant had stopped approximately 25 to 30 feet north of the intersection in obedience to a red or "Stop" signal from the controlling traffic light and started forward when the light changed to green or "Go". In so doing (as will hereinafter be pointed out) we believe the learned trial court fell into manifest error.
Mrs. Romans testified she had stopped in the inside or extreme left northbound lane to await a favorable signal to turn and when the light changed she then looked ahead and saw only southbound vehicles in the inside or left turn lane. She checked the southbound center or through lane as well as the outside or right turn lane and observing no vehicles in either of said lanes proceeded, at a speed estimated at 15 miles per hour, to make her left turn. Mrs. Romans was asked several times whether she ever in fact observed the oncoming southbound Buick and repeatedly answered that she neither saw defendant's automobile nor became aware thereof until immediately before her vehicle was struck. She could not properly account for her failure to note the approach of defendant's vehicle. She did not know from whence defendant's vehicle materialized and neither did she hear the application of defendant's brakes. She further stated that she had almost cleared the intersection when struck and at the moment of impact the front end of her vehicle had completely left the intersection. Mrs. Romans approximated defendant's speed at 25 to 30 miles per hour and did not feel he was guilty of speeding.
Defendant McKinley stated he was proceeding southerly along North 22nd Street in the center or through lane at a speed of approximately 25 miles per hour in the block between Florida Boulevard and Main (the latter street being the next cross street immediately north of Florida Boulevard) after having previously stopped at the intersection of Main and North 22nd in obedience to the traffic light there. After crossing Main Street he did not again come to a stop. As he neared the corner of Florida Boulevard the light signaled a stop so he began gradual application of his brakes but upon reaching a point about 30 feet from the intersection the light changed to green at which time he ceased application of his brakes and accelerated his speed preparatory to proceeding across the intersection. Defendant's testimony is unequivocally to the effect he did not stop at Florida Boulevard and the trial court's conclusion to the contrary was undoubtedly inadvertently predicated on defendant's testimony that he did in fact stop at Main Street. The testimony of Mrs. Romans sheds no light on this issue because as previously shown, she did not see defendant's vehicle at all until immediately prior to the collision.
We believe, however, that McKinley is mistaken in his testimony that Mrs. Romans was not stopped at the light but that he observed her approaching the intersection indicating a left turn and that her vehicle continued in motion and attempted the turn across his path without stopping. We believe he is also mistaken in his testimony to the effect that Mrs. Romans began her turn after he had entered the intersection. We are convinced, however, of the accuracy of his evidence regarding the fact that upon observing Mrs. Romans commence her left turn he immediately applied his brakes and attempted to avert a collision by turning his vehicle sharply to his right. We do not point out the aforesaid inaccuracies in defendant's testimony to lessen the weight or effect to be accorded same for our reading of the record convinces us that defendant though mistaken in some respects recounted the occurrence of the accident exactly as he saw it. We further believe that any such inaccuracies may be attributed to the sudden and unexpected manner in which this accident occurred. However, whether Mrs. Romans did or did not stop at the traffic light prior to commencing her left turn is immaterial to a decision herein.
*86 We believe our illustrious brother below was eminently correct in concluding that Mrs. Romans was guilty of contributory negligence constituting a proximate cause of this accident but erred in awarding plaintiff judgment under the doctrine of last clear chance. In so holding the trial court found as a fact that defendant was negligent in traveling at an excessive rate of speed which conclusion is not supported by the evidence of record herein.
On the issue of speed defendant testified he was traveling approximately 25 to 30 miles per hour and began gradual application of his brakes to stop at Florida Street because the light was red to southbound traffic. When he reached a point about 30 feet from the intersection the light turned green so he released his foot from the brake and accelerated to pass through the intersection. In this most vital regard his testimony is fully corroborated by that of Mrs. Romans who estimated his speed at about 30 miles per hour and declined to stigmatize defendant as a speeder. The record is devoid of other evidence regarding the speed of defendant's automobile. Miss Paula Berumen, eastbound on Florida Boulevard and stopped in the left or inside eastbound lane waiting for a favorable signal to proceed, testified in substance that whereas her parked automobile was struck by plaintiff's Cadillac after the initial impact, she saw neither plaintiff's nor defendant's car until immediately before the collision. She noted the left turning Cadillac and then the southbound Buick and almost instantly the collision occurred in the intersection. She placed the Cadillac entirely within the intersection at the moment of impact and was unable to estimate the speed of defendant's car except that she left the clear impression she felt defendant was not driving at an excessive rate of speed.
In urging affirmation of the judgment of the trial court, learned counsel for plaintiff does so on the ground that plaintiff although making a left turn had preempted the intersection having entered it prior to defendant and therefore the duty devolved upon defendant to yield the right of way. In this regard counsel for plaintiff maintains that Mrs. Romans had all but completed her turn as indicated by the testimony of the investigating officers who, predicated upon certain debris found on the street, fixed the point of impact 3 feet east of the west parallel of North 22nd Street and 9 feet south of the north parallel of Florida Boulevard. In view of this circumstance counsel argues that Mrs. Romans should be found free of negligence or, alternatively, defendant should be held to have had the last clear chance to avoid the accident under authority of Moncrieff v. Locobie, La.App., 89 So.2d 471, which established the principle that a left turning motorist is not required to wait until there is no oncoming traffic before attempting such a maneuver.
Opposed to plaintiff's contentions is defendant's reliance upon the firmly established jurisprudence of this state to the effect that a left turn is one of the most potentially hazardous maneuvers a motorist is called upon to make, consequently, a motorist making a left turn must first ascertain that he can do so safely and without interfering with other traffic lawfully using the highway. Washington Fire & Marine Ins. Co. v. Firemen's Ins. Co., 232 La. 379, 94 So.2d 295. Defendant also invokes the principle that a motorist is entitled to assume that an oncoming driver will not make a left turn across his path but yield the right of way and permit him to proceed. Next defendants contend the theory of preemption is unavailable to plaintiff's driver herein because plaintiff cannot establish that at the time Mrs. Romans entered the intersection the way was clear for her to proceed without incident. State Farm Mutual Automobile Ins. Co. v. Gouldin, La.App., 121 So.2d 365. Finally, defendants submit the doctrine of last clear chance is inapplicable herein for the reason that the accident occurred with such suddenness *87 McKinley had no opportunity to take effective evasive measures. McCallum v. Adkerson, La.App., 126 So.2d 835.
We heartily agree in the conclusion of the trial court that Mrs. Romans was guilty of negligence in failing to see defendant's approaching automobile. There appears no reason why she could not or should not have seen the oncoming Buick. Her own testimony shows beyond the shadow of a doubt that although she looked ahead she did not note the approach of McKinley's automobile. The law of this state is established to the effect that a motorist is charged with having seen what should have been seen upon the exercise of reasonable diligence and care. Dennison v. Southwestern Fire and Casualty Company, La. App., 124 So.2d 421; Hardin v. Yellow Cab Co. of Shreveport, La.App., 38 So.2d 814; McGee v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 787; Theriot v. Marquette Casualty Company, La.App., 111 So.2d 799; Geohegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412.
Since the record contains no direct testimony indicating excessive speed on the part of defendant and the physical facts clearly negate such conclusion (the damage to both vehicles being relatively slight) the trial court's finding of fact in this regard is clearly contrary to the evidence and must be set aside.
Having found that defendant was traveling at a reasonable rate of speed, it follows that of necessity he must have been near the intersection when Mrs. Romans commenced her left turn. For defendant to have been sufficiently far north of the intersection to make the turn safely, defendant perforce would have had to be traveling at much greater speed than shown by the evidence herein otherwise Mrs. Romans would have completed her turn before defendant reached the intersection. We are convinced that Mrs. Roman's testimony to the effect that she did not see defendant's oncoming vehicle fully explains the occurrence of this accident. Although she looked she failed to see what lay before her; had she seen what there was no reason for her not to see she would most certainly have realized the oncoming vehicle was so near the intersection it was manifestly unsafe for her to attempt a left turn.
Assuming, arguendo, the point of impact occurred when Mrs. Romans had nearly negotiated the intersection (a circumstance denied by the disinterested witness, Miss Berumen) the matter can be of little comfort to plaintiff under the facts and circumstances existing herein. In this regard the case at bar is remarkably similar to Washington Fire & Marine Ins. Co. v. Firemen's Ins. Co., 232 La. 379, 94 So.2d 295, wherein the Supreme Court under almost identical circumstances held the negligence of the left turning driver to be a contributing if not the sole proximate cause of the accident.
The testimony of all eyewitnesses appearing herein establishes that the accident occurred within a very short interval of time. On the issue of last clear chance, we note the following pertinent language appearing in McCallum v. Adkerson, 126 So.2d 835:
"`* * * we hesitate in cases where the last clear chance doctrine is relied upon to relieve a party of his negligent acts except when opportunity presented the other party to avert the accident is manifest.' Id., at page 344.
"Inasmuch as the collision occurred almost immediately after the peril could have been first discovered, we do not consider either plaintiff or defendant as having had sufficient opportunity to avert the accident. Consequently, the doctrine is without application."
We find no merit in plaintiff's contention that defendant was negligent in failing to timely see Mrs. Romans making the left turn and also in directing his car to the right thereby following the direction in which the Romans' car was proceeding whereas had defendant driven to his left he would have cleared the way for Mrs. Romans to complete her turn without mishap. *88 The answer to these contentions is that defendant was in fact keeping a lookout and observed the intended maneuver when Mrs. Romans first began her turn. Irrespective of whether the Romans vehicle was stationary or in motion, McKinley, who observed its left turn signal, had a right to assume the driver thereof would accord him the right to proceed through the intersection and not attempt a left turn across the path of his oncoming automobile. Moreover, we are convinced that when McKinley realized Mrs. Romans would attempt the turn he was then faced with a sudden emergency not of his own creation to which situation he immediately reacted by applying his brakes and turning to his right. Under such circumstances it is clear that he is not held to the same high degree of care and calm judgment ordinarily demanded of a motorist but rather is required only to exercise reasonable care and is not penalized for an error in judgment or failure to make the wisest selection of all possible evasive measures. Wiley v. Sutphin, La. App., 108 So.2d 256; Fornea v. Crain, La. App., 79 So.2d 95; Tyler v. Marquette Casualty Company, La.App., 79 So.2d 376; Strug v. Travelers Indemnity Co. of Hartford, Conn., La.App., 53 So.2d 437; Olivier v. Baldwin, La.App., 48 So.2d 806; Blashfield's Cyclopedia of Automobile Law and Practice, § 668.
In the case at bar defendant's reaction to the emergency was both instantaneous and reasonable under the circumstances, therefore, the fact that it did not avert the accident does not impose liability upon him. Because the collision occurred almost immediately after the peril could have been first discovered, we unhesitatingly conclude defendant did not have sufficient time to avoid the accident. Certainly he had no manifest opportunity to do so. Under such circumstances the doctrine of last clear chance is inapplicable. McCallum v. Adkerson, 126 So.2d 835.
The negligence of Mrs. Romans being a proximate if not the sole proximate cause of the accident, it follows that, irrespective of the negligence of defendant McKinley, plaintiff's claim is vulnerable to defendants' affirmative defense of contributory negligence.
For the reasons hereinabove assigned, the judgment of the trial court in favor of plaintiff William A. Romans and against defendants Horace McKinley and New Amsterdam Casualty Company is hereby reversed and judgment rendered herein in favor of said defendants and against said plaintiff dismissing said plaintiff's demand at plaintiff's costs.
Reversed and rendered.