HALL, Judge.
This is a suit for damages arising out of an automobile collision which occurred on Louisiana Highway No. 1, south of Vivian, Louisiana, on March 9, 1970. Named defendants were Jack Parker, Jr. and his liability insurance carrier, American Indemnity Company. Michigan Mutual Liability Insurance Company intervened to recover workmen’s compensation benefits and medical expenses it paid to plaintiff as a result of injuries sustained in the accident. From a judgment rendered in favor of defendants, rejecting plaintiff’s and interve-nor’s demands, plaintiff and intervenor have appealed. The judgment of the trial court is affirmed.
We approve and adopt the findings of facts and conclusions set forth in the district court’s written opinion, as follows:
“This case arose out of a collision which took place on Highway 1 south of the city limits of Vivian, Louisiana. The defendant, Jack Parker, was driving his automobile at approximately 40 to 50 miles per hour with a guest passenger, Mr. Roy D. Williams, riding in the right front seat of the vehicle. They were approaching the Whiteway Cafe with the intent of turning left off of Highway 1 from the northbound lane of traffic in to the parking area of the cafe. The Parker vehicle began to slow down and the testimony revealed he signaled to make the left turn. Whether or not the Parker vehicle commenced to make the left-hand turn and whether or not the left wheels of the vehicle were across the center line is disputed. The testimony seemed to indicate that the Parker vehicle immediately prior to the accident had slowed its speed to between 15 and 20 miles per hour.
“As Parker began to institute his left turn the guest passenger, Roy Williams, looked behind them and saw the plaintiff’s heavily ladened trailer truck approaching. According to the testimony the guest passenger hollered ‘that truck is going to hit us’. Based on that warning of impending danger the defendant accelerated and swerved hard to the right going off the highway on the east boundary. Defendant testified he did not see plaintiff’s truck until the warning was issued by his guest passenger. Plaintiff testified that im *491 mediately prior to the accident he was traveling at approximately 40 to 45 miles per hour some distance behind defendant’s station wagon. Plaintiff stated that as the vehicles came in proximity to the cafe, the defendant signaled left with his hand as well as his turn indicator. Plaintiff further testified that according to the estimation of his speed and the distance from his truck to the turning station wagon he could have avoided the collision had the Parker vehicle completed his turn or remained in its lane of traffic, but by pulling to the right-hand side of the road he could not avoid the collision. He also indicated that had the Parker vehicle remained in its lane of traffic he could have stopped prior to the collision.
“It is the Court’s opinion that the defendant was negligent in failing to keep a sufficient look-out to the rear as he began to- make a left-hand turn so as to observe whether or not the vehicles coming from the rear were going to respect his turning maneuver. The defendant by his own testimony indicated he did not observe the approach of the truck until his guest passenger issued him warning. He then immediately reacted to said warning by stopping his left-hand turn and pulling off the highway to the right. According to the uncon-troverted testimony of the plaintiff no real emergency existed until the defendant pulled off the highway.
“The Court also feels that the plaintiff was contributorily negligent in not keeping his vehicle under control and traveling at such a speed that he could [not] have avoided the accident which resulted when the plaintiff pulled off the highway on to the right-hand shoulder. The plaintiff testified that he was traveling at such a speed that he could have stopped in the highway short of collision with the defendant had the defendant remained in the northbound lane of traffic. He failed to explain, however, why he could not also stop in the northbound lane of traffic prior to impact when he was confronted with the defendant pulling off the highway. The Court must presume that the plaintiff felt the defendant would either clear the highway in the northbound lane by making a left-hand turn on to the cafe parking lot or in the alternative the plaintiff’s speed was sufficient that he could safely pass the defendant on the right-hand side on the shoulder of the highway if the lane remained blocked. The facts seem to indicate that the plaintiff chose this last maneuver, i. e., passing on the right shoulder when he got close enough to conclude that the defendant was not going to complete his turn in time to clear the highway lane.
“Plaintiff alludes in his pleadings and in the testimony on the trial of the case to the defendant needlessly creating an emergency by pulling off on the right-hand shoulder when plaintiff was already committed to traversing the right-hand shoulder. Further, that once the emergency did arise as both car and truck pulled on to the shoulder with the truck traveling at á higher rate of speed than the automobile, plaintiff was entrapped and couldn’t avoid the collision. The Court feels that both parties by their misjudgment equally contributed to the emergency. Had the truck remained in the northbound lane of traffic there is no evidence to indicate that the truck could not have avoided the collision. The law of our state does not recognize the passing of a vehicle on the right-hand shoulder as a proper driving maneuver. It is the Court’s opinion that the plaintiff was contributorily negligent and that such contributory negligence bars his recovery.”
On appeal, plaintiff argues primarily that he was not contributorily negligent because he was confronted with a sudden emergency and should not be held to the same degree of care and calm judgment ordinarily demanded of a motorist, citing Romans v. New Amsterdam Casualty Co., 137 So.2d 82 (La.App. 1st Cir. 1962); McMorris v. Hanover Insurance Co., 175 So.2d 697 (La.App. 1st Cir. 1965); and Davidson v. Curole, 196 So.2d 311 (La.App. 1st Cir. 1967). The sudden emergency doctrine, under the well-estab *492 lished jurisprudence including the cited cases, is available only to a motorist faced with a sudden emergency “not of his own creation” or “not of his own making and to which he did not contribute.” The trial judge correctly found here that “ . both parties by their misjudgment equally contributed to the emergency.” The doctrine does not apply under the facts of this case and is of no avail to the plaintiff.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.