ELLIS, Judge.
This is a suit for damages arising out of an automobile-tractor collision which took place in Bertrandville, Louisiana, on November 8,1970. The vehicles involved were an automobile owned by Gayle Breaux and operated by Terrance J. Maurer, and a farm tractor, owned by Octave Caballero and Nolan Guillot, and operated by Theodore Bird. Ann Breaux Maurer was riding as a guest passenger with her husband. Plaintiffs are *1314 Mr. Maurer, Mrs. Maurer and Miss Breaux. Defendants are Mr. Caballero, Mr. Guillot, Mr. Bird and Southern Farm Bureau Casualty Company, their insurer. Defendants allege the primary and contributory negligence of Mr. Maurer, and by third party demand, ask for contribution from him in the event they be found liable.
After trial on the merits, judgment was rendered in favor of Mr. Maurer for $200.00, Mrs. Maurer for $3,000.00 and Miss Breaux for $1,025.00 against Theodore Bird and Southern Farm and those defendants have appealed. The suit was dismissed as to Mr. Caballero and Mr. Guillot, and the judgment has become final as to them. In this court, defendants concede the negligence of Mr. Bird, but ask that we find Mr. Maurer negligent and liable to them for contribution under the third party demand.
The accident happened in Bertrandville, an unincorporated village on Louisiana Highway 1, which at that point runs approximately north and south. Highway 1 is a blacktop road, with a paved surface 24 feet wide, and shell shoulders 12 to 13 feet wide. The only relevant traffic control at the site of the accident was a yellow line painted on the highway beginning about 75 feet south of the point of the collision, indicating a no passing zone for northbound traffic on Highway 1. The record indicates that the line had been painted less than a month before the accident, and color photographs taken at the time of the accident show it to be clearly visible.
The accident happened when Theodore Bird, who had been driving a farm tractor, towing a small trailer, in a northerly direction on Highway 1, began a left turn off the highway and hit the Maurer vehicle which was attempting to pass him. Mr. Maurer testified that he pulled out to pass about 95 feet south of the point of impact and that he did not see the yellow line or any indication that Mr. Bird was about to turn left. Mr. Bird testified that he sig-nalled with his arm for a left turn.
R.S. 32:77 provides:
“A. The Department is hereby authorized to determine those portions of any highway where overtaking and passing or driving to the left of the roadway would be especially hazardous, and shall by appropriate signs or markings on the roadway indicate the beginning and end of such zones, and when such signs and markings are in place and are clearly visible to an ordinary observant person, every driver shall obey the directions thereof.
“B. Where signs or markings are in place to define a no-passing zone as set forth in paragraph A, no driver shall at any time drive on the left side of the roadway within such zone, or on the left side of any pavement striping, designated to mark such no-passing zone, throughout its length.”
We think that Mr. Maurer was clearly in violation of this statute. The photographs show that the yellow no passing line is clearly discernible to a motorist approaching it from the south. If Mr. Maurer failed to observe the line, he was negligent in failing to see what he should have seen, and in attempting to pass in a no-passing zone. The hazard which he created was clearly the one which the above quoted statute was designed to prevent. The no-passing zone was obviously designed to prevent passing in the congested Ber-trandville area.
Defendants also complain that the awards made to Miss Breaux and Mrs. Maurer were excessive. Miss Breaux’s automobile, a 1965 Comet, which was a total loss, had been purchased in November, 1969, for $1,200.00. It had an N.A.D.A. value of $1,025.00, which was the amount awarded her by the trial judge. We find no error in this determination.
Relative to the award to Mrs. Maurer, the trial judge said:
“The plaintiff, Mrs. Ann Breaux Maurer, who was four months pregnant at the time of the accident suffered personal injuries therefrom. She was seen and treated by Dr. N. A. Cox of Napoleon-ville, Louisiana, on some six occasions. Treatment consisted of diathermy and *1315 physio-therapy. Sedatives and anti-spas-matic drugs were prescribed. A normal healthy baby was Born in due time. Upon the trial, Dr. Cox testified that in his opinion the plaintiff, Ann Maurer, had suffered a moderate, as distinguished from mild or severe, sprain of the lower back. Because she was pregnant no x-rays were taken until after the birth of the baby. The patient was disabled and suffered from shock and pain for approximately six weeks after the accident and from anxiety until the baby was born. The Court is of the opinion that she will be compensated by an award of $3,000.00.”
There is evidence in the record to substantiate the factual findings of the trial judge, and we find the award to be within the broad limits of his discretion in matters of this kind.
Accordingly, there will be judgment herein in favor of Ann Breaux Maurer and Gayle Breaux, affirming the judgment rendered below, against Theodore Bird and Southern Farm Bureau Casualty Company. There will be judgment in favor of Theodore Bird and Southern Farm Bureau Casualty Company, and against Terrance J. Maurer, reversing the judgment rendered in favor of Mr. Maurer, and dismissing his suit as to said defendants. There will be judgment in favor of Theodore Bird and Southern Farm Bureau Casualty Company and against Terrance J. Maurer on the third party demand, for one-half of the judgment rendered herein in favor of Ann Breaux Maurer and Gayle Breaux. All costs in the court below shall be borne equally by defendants and Terrance J. Maurer. All costs of this appeal shall be borne by Terrance J. Maurer.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.