WATKINS, Judge.
This is an action for personal injuries sustained by Edward C. Williams, plaintiff, in a collision which occurred on Louisiana Highway No. 1,38 feet south of its intersection with Louisiana No. 943 on December 6, 1977. The collision involved a pickup truck driven by Williams and a farm tractor driven by James Grey. Defendants in the suit are Grey, Peytavin Farms, Grey’s employer, and American Mutual Insurance Companies, liability insurer of Peytavin Farms and Grey. The trial court rendered judgment for Williams in the sum of $220,000.00. We affirm.
Williams was proceeding in a northerly direction behind a farm tractor pulling a wagon loaded with sugar cane on Louisiana Highway No. 1 north of Donaldsonville. The roadway was a two-lane 24 foot wide highway with one lane for traffic going north and one lane for traffic going south. Several other cars proceeding north had passed the tractor and wagon without incident. Finally, Williams, who had followed the tractor for several miles, observed that the southbound lane was free of traffic, and pulled out to pass the tractor. The road was straight for a considerable distance to the north, and the roadway was dry. The weather was clear. The time was approximately 10:15 a.m. The testimony is in conflict as to whether or not a yellow no-passing line was visible in the northbound lane. Also, there is conflicting testimony as to whether or not highway junction signs were posted indicating an intersection with Louisiana Highway No. 943, which intersected with Highway No. 1 to the left, and Louisiana Highway No. 405, which intersected Highway No. 1 to the right. In any event, although Williams was ignorant of this fact, these two highways intersected Highway No. 1 a short distance north of the point at which Williams attempted to pass the tractor and wagon. The tractor attempted to turn to the left to enter Highway No. 943, which led to the Evan Hall Sugar Factory, and collided with the pickup truck driven by Williams, which was parallel to and alongside of the tractor, so that the left front wheel of the tractor struck the cab of the pickup truck behind the right door of the pickup truck. Williams was thrown around the cab of the truck, and sustained a ruptured disc, which necessitated several medical procedures and left him partially disabled. The trial court held for the plaintiff, stating in written reasons that Grey was negligent, and Williams was free from negligence. On appeal, defendants contend that Williams was solely at fault. No issue is raised as to quantum in the event that defendants’ liability is affirmed by this court.
Defendants contend that the intersection was marked with highway junction signs, and that there was a solid yellow line in the northbound lane at the point Williams pulled out to pass. Plaintiff’s witnesses testified that the yellow line was obscured by caked mud and debris in the form of crushed cane stalks. The testimony as to whether there were highway junction signs and, assuming there were, where they were placed, we find is inconclusive and highly contradictory. We thus are unable to determine whether as a matter of fact and law Williams was negligent in pulling out to pass, because of the lack of consistency and definiteness in the testimony. The determination of the trial court should not be set aside unless the trial court’s determination was clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We cannot say that the trial court was clearly wrong in its determination that Williams was free from contrib *321 utory negligence, as the uncertain nature of the testimony concerning the question of whether or not the yellow line was obscured and the equally uncertain nature of the testimony concerning the presence and location of signs marking the intersection tend to support a finding that Williams was free from contributory negligence. The burden of proof is on the defendant to prove contributory negligence by a preponderance of the evidence. Parker v. Travelers Ins. Co., 400 So.2d 682 (La.App. 4th Cir.1981), writ denied 406 So.2d 590 (La.1981). Given the facts, it is clear that defendants failed to sustain the burden of proof, and that the trial court was not clearly wrong in arriving at its conclusion that Williams was not guilty of contributory negligence.
Furthermore, even if we assume for purposes of discussion that Williams was guilty of contributory negligence, clearly Grey had the last clear chance to avoid the accident. Grey was negligent in not having been aware that he was being passed before beginning to make a left turn, and should have observed the vehicle driven by Williams while Williams was in the act of passing. By attempting to turn left when he should have observed the pickup truck in the act of passing the tractor, Grey was not only negligent, but failed to avail himself of the last clear chance to avoid the accident.
The testimony of Ricky Williams and Eddie Arnold, passengers in the truck driven by Edward Williams, Ricky Williams’ brother, establishes that the cane wagon projected beyond the edge of the tractor so that they were unable to see the tractor driver, who was Grey, until they were past the wagon. The testimony of Grey also indicates that he was unable to see to the rear or rearward to the side because of the width and height of the wagon. In any event, Williams’ testimony suggests he may have looked to the side once, and seen nothing, before beginning the turn. The tractor had no rear-view mirrors. When Williams pulled out to pass, it appears that the tractor’s direction signals were not blinking. Furthermore, if Ricky Williams and Eddie Arnold were able to see Grey mounted on the tractor, Grey was able to see the passing truck. Grey was negligent, and had the last clear chance to avoid the accident. His failure to maintain an attentive view of the passing lane was a breach of his legal duty to vehicles possibly overtaking and passing him, and renders defendants liable.
It is the duty of the driver of a vehicle making a left turn to maintain observation to the rear up to the time he starts to turn. One must look immediately before turning. Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295 (1957); Evans v. Thorpe, 175 So.2d 418 (La.App. 2d Cir.1965); Bamburg v. Nelson, 313 So.2d 872, 874 (La.App. 2d Cir.1975), writ refused 318 So.2d 57 (La.1975). It was Grey’s duty to have maintained constant vigilance to determine whether or not he was being passed before attempting to make a left turn. As the passengers in the truck saw Grey, Grey was clearly negligent in having failed to observe that he was being passed, and failed to utilize the last clear chance that existed to avoid any accident.
Defendants cite two cases that they contend preclude a finding of negligence on the part of Grey. These cases are Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960), and Maurer v. Caballero, 339 So.2d 1313 (La.App. 1st Cir.1976), writ refused 342 So.2d 675 (La.1977). Johnson found negligence on the part of a plaintiff motorist in passing a left turning motorist, defendant in the action, because plaintiff was driving in excess of the speed limit and inattentive. However, the case held defendant also negligent in attempting to turn left after he had in fact observed plaintiff’s car attempting to pass him. Thus, Johnson is inappo-site as Williams in the present case was neither driving in excess of the speed limit nor inattentive. In Maurer a left turning tractor driven by one of the defendants struck a passing automobile operated by plaintiff. The court held plaintiff negligent for passing when a yellow line was clearly visible. The yellow line in the present case was not shown by defendants *322 to have been clearly visible. Furthermore, in Maurer there was no mention of the doctrine of last clear chance. Thus, neither case is similar to the present case.
The matter of quantum is not at issue, as we have stated. The award was amply supported by the evidence. Williams was forced to undergo several spinal procedures including a fusion of vertabrae, and has only a 60% range of motion in his back.
The judgment of the trial court is affirmed, at appellants’ cost.
AFFIRMED.